FILED
DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

**07 C 6856**

| | |
|---|---|
| ALEXX LEE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) **JUDGE DER-YEGHIAYAN** |
| | ) **MAGISTRATE JUDGE DENLOW** |
| JOSEPH McNEAL, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS AN AGENT OF DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ALEXX LEE, Plaintiff, by and through his attorneys, LAW FIRM OF CHADWICK & LAKERDAS, and files this Complaint against JOSEPH McNEAL, Individually, and in his capacity as an agent of Defendants DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON.

### NATURE OF THE ACTION

1. This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and Illinois common law for the torts of negligence, assault and battery.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), because all defendants reside in the district, and the events giving rise to the claims asserted herein occurred here as well.

## PARTIES

10. Plaintiff Alexx Lee is natural person, a twenty-two year old African American male who is, and was during all times relevant to this action, a resident of Cook County, Illinois, and a United States citizen.

11. Defendant Joseph McNeal is a natural person and a sworn officer of the Dolton Police Department who is sued in his individual capacity for actions he took by virtue of his authority as a police officer.

12. Defendant Joseph McNeal, at all times relevant to this Complaint, acted under color of state law as a police officer of the Village of Dolton, and acted in the course and within the scope of his employment.

13. Defendant Village of Dolton Police Department is a municipal entity which employs or employed the Defendant Officer, and is charged with the duty to supervise, manage and control its employees to prevent the violation of the civil rights of its citizens

14. Defendant Village of Dolton is a municipal entity which employs or employed the Defendant Officer, and is charged with the duty to supervise, manage and control its Police Department to prevent the violation of the civil rights of its citizens.

## COUNT I-USE OF EXCESSIVE FORCE

15. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

16. At all times material hereto, Plaintiff had a Fourth Amendment right to be free of excessive and unnecessary use of force in his interactions with state and local police.

17. That on July 10, 2007, at approximately 11:20 p.m., Plaintiff was standing outside a residence at 14928 Evers in the Village of Dolton.

18. That at all times material to these allegations, Alexx Lee was unarmed.

19. That Officer McNeal discharged his weapon at the Plaintiff, striking him in the abdomen.

20. That at no time prior to shooting Alexx Lee was Officer McNeal advised, nor did he visualize that Alexx Lee was armed.

21. At the time Officer McNeal fired his weapon at Alexx Lee, Lee did not constitute a threat to the physical safety of Officer McNeal or any other citizens.

22. At the time Officer McNeal fired his weapon at Alexx Lee, Alexx Lee was not an escapee for whom a criminal warrant had been issued, nor did Officer McNeal have any information on which to form a belief that Alexx Lee was an escapee for whom a criminal warrant had been issued.

23. The law was clearly established prior to July 10, 2007, that utilization of deadly force with firearms upon subjects by police officers was not constitutionally permissible unless the use of said deadly force was necessary to prevent escape or said officer has probable cause to believe that the suspect posed a serious threat of death or serious physical injury to the officer or others.

24. The act of Defendant McNeal firing his weapon at Alexx Lee constituted the use of deadly force.

25. At the time Defendant McNeal fired shots at Alexx Lee, thereby employing deadly force, he did so without actual, factual, or legal justification.

26. At all times material, Defendant McNeal had the duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive force in conducting his patrol, executing his duties as a police officer, or apprehending individuals for any offenses which Defendant McNeal suspected individuals may have been engaged in while Plaintiff was located outside of the home at 14928 Evers Street, Dolton.

27. Notwithstanding this duty, Defendant McNeal was then and there guilty of one or more of the following acts and/or omission to act, in that he:

    a. Discharged his weapon in the direction of the Plaintiff without cause or provocation;

    b. Struck the Plaintiff in the thigh with a bullet which had been discharged from his gun;

    c. Pursued Plaintiff with his gun drawn and safety off recklessly endangering the safety of the unarmed Plaintiff; and

    d. Recklessly used excessive force in order to cause Plaintiff injury.

28. As a result of Defendant McNeal's actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances.

**COUNT II: MUNICIPAL LIABILITY: FAILURE OF DOLTON POLICE DEPARTMENT AND VILLAGE OF DOLTON TO TRAIN AND SUPERVISE**

29. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

30. The acts and omissions in violation of Plaintiff's rights by Defendant McNeal were perpetrated pursuant to the custom and policy of Defendants Village of Dolton Police Department and the Village of Dolton.

31. Defendant Village of Dolton Police Department failed to train Defendant McNeal and/or failed to supervise Defendant McNeal regarding the circumstances under which he could utilize force against citizens.

32. Defendant Village of Dolton failed to train Defendant McNeal and/or failed to supervise Defendant McNeal regarding the circumstances under which he could utilize force against citizens.

33. Defendant Village of Dolton Police Department's failure to train and/or supervise Defendant McNeal regarding use of excessive force against Plaintiff and others, as well as the use of excessive force perpetrated by other Village of Dolton officers, can be inferred by the obviousness of the facts.

34. Defendant Village of Dolton's failure to train and/or supervise Defendant McNeal regarding use of excessive force against Plaintiff and others, as well as the use of excessive force perpetrated by other Village of Dolton officers, can be inferred by the obviousness of the facts.

35. Defendants Village of Dolton Police Department and Village of Dolton were deliberately indifferent to the rights of Plaintiffs and other citizens of the Village of Dolton.

36. Defendants Village of Dolton Police Department and Village of Dolton's failure to train and supervise Defendant McNeal was a moving force behind Defendant's illegal acts.

## COUNT III: WILLFULL AND WANTON TORTIOUS CONDUCT BY DEFENDANT MCNEAL IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

37. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

38. Prior to engaging in his unlawful actions, including the use of unnecessary force against a citizen, Defendant McNeal had a duty to critically evaluate the facts on which they would rely to support his planned actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances.

39. Defendant McNeal failed to exercise his duty in these regards and his actions were not objectively reasonable. Defendant McNeal's actions during the exercise of his police duties and pursuit of Plaintiff, to wit: shooting Plaintiff in the abdomen while Plaintiff was simply standing outside a residence and unarmed constituted excessive and unreasonable force.

40. In addition, the actions undertaken by Defendant McNeal were willful, wanton and were perpetrated in reckless disregard of Plaintiff's constitutional rights.

41. Defendants Village of Dolton Police Department and Village of Dolton are liable for aforesaid acts of Defendant McNeal because pursuant to Section 9-102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, a local public entity is required to pay any tort compensatory damages judgment for which he or an employee acting within the scope of his employment is liable so long as the conduct was willful and wanton. 745 Ill.Comp.Statutes 10/9/-102 (West 2007).

## COUNT IV: NEGLIGENCE AGAINST DEFENDANT MCNEAL INDIVIDUALLY

42. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

43. At all times material, Defendant McNeal had the duty under the Constitution of the State of Illinois to refrain from the use of excessive force in conducting his patrol, executing his duties as a police officer, or apprehending individuals for any offenses which Defendant McNeal suspected individuals may have been engaged in while Plaintiff was located outside of the home at 14928 Evers Street, Dolton.

44. Notwithstanding this duty, Defendant McNeal was then and there guilty of one or more of the following acts and/or omission to act, and deviated from his duty in that he:

   a. Discharged his weapon in the direction of the Plaintiff without cause or provocation;
   b. Struck the Plaintiff in the thigh with a bullet which had been discharged from his gun;
   c. Pursued Plaintiff with his gun drawn and safety off recklessly endangering the safety of the unarmed Plaintiff; and
   d. Recklessly used excessive force in order to cause Plaintiff injury.

45. As a result of Defendant McNeal's actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances.

## COUNT V: ASSAULT

46. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

47. Plaintiff is a reasonable person.

48. Defendant McNeal intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit, firing his handgun at the Plaintiff, discharging a bullet which resulted in the associated and recognizable sound of a firing shot to startle the Plaintiff for no known purpose other than to create in the Plaintiff an apprehension of immediate physical harm. Restatement (2nd) of Torts § 21 (West 2007).

49. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

50. Defendant Village of Dolton is liable for the aforesaid acts of Defendant McNeal under the doctrine of respondeat superior.

## COUNT VI: BATTERY

51. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

52. Without the consent of Plaintiff, Defendant McNeal intentionally, harmfully, and offensively touched Plaintiff by striking him with the bullet discharged from his gun when Defendant McNeal fired the gun at the Plaintiff.

53. Defendants Village of Dolton Police Department and Village of Dolton are liable for the aforesaid actions of Defendant McNeal under the doctrine of respondeat superior.

## COUNT VII: PUNITIVE DAMAGES

54. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

55. The acts and omissions of Defendant McNeal herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

56. The award of punitive damages as against Defendant McNeal is justified and necessary in order to dissuade Defendant McNeal and others likewise situated from behaving in the same or similar fashion in the future.

57. No punitive damages are requested or sought against any municipalities or against Defendant McNeal in any of his official capacities.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court accept his complaint and order appropriate preliminary hearings on all issues susceptible to such hearings. Plaintiff further prays that the Court, after all preliminary matters are resolved and full discovery has been had, order trial by jury of the case on its merits. Plaintiff prays that following trial this Court award nominal damages and compensatory damages against all Defendants and award punitive damages against Defendant McNeal. Finally, Plaintiff prays that this Court award them the costs of this action and reasonable attorney's fees, and such other and further relief as may be deemed just and equitable under the circumstances as described above.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all counts so triable.

Respectfully submitted,

*[signature]*

STURGIS E. CHADWICK, III

*[signature]*

MICHAEL KELLY
Counsel for Plaintiff, Alexx Lee

Law Offices of
**CHADWICK & LAKERDAS**
5300 South Shore Drive, Suite 100
Chicago, IL 60615
(773) 955-1088