50253-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE,<br><br>               Plaintiff,<br><br>v.<br><br>JOSEPH McNEAL, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS AN AGENT OF DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON,<br><br>               Defendants. | No. 07 C 6856<br><br>Judge Der-Yeghiayan<br><br>Magistrate Judge Denlow |

## DEFENDANT, VILLAGE OF DOLTON'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, VILLAGE OF DOLTON, by and through its attorneys, QUERREY & HARROW, LTD., and for its answer to Plaintiff's Complaint, states as follows:

### NATURE OF THE ACTION

1.    This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and Illinois common law for the torts of negligence, assault and battery.

**Answer:**    Defendant admits that plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

2.    Plaintiff, Alexx Lee, a twenty-two-year-old, sues the Individual Defendants for their use of excessive force and violation of his civil and constitutionally guaranteed rights.

**Answer:**    Defendant admits that plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of

the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

    3.    The Fourth Amendment to the United States Constitution guarantees said rights as follows:

> The right of the people to secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. Amend. IV.

**Answer:**    Admitted.

    4.    On July 10, 2007, Dolton Police Officer Joseph McNeal while on duty and under the authority of the Village of Dolton, shot Mr. Lee. Mr. Lee at the time he was shot by Defendant McNeal was unarmed.

**Answer:**    Defendant denies the legal conclusion of "under the authority of the Village of Dolton." Defendant further neither admits nor denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint as it lacks sufficient knowledge to form a belief as to the veracity of those allegations contained therein, and demands strict proof thereof.

    5.    Upon information and belief, the forensic evidence available in this matter will demonstrate that the Plaintiff was shot in the abdomen.

**Answer:**    Defendant neither admits nor denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

    6.    Defendant McNeal in shooting the unarmed Plaintiff from behind used excessive force in the course of his patrol thereby depriving him of the civil liberties and appropriate treatment guaranteed to all United States Citizens.

**Answer:** Defendant neither admits nor denies the allegations contained in Paragraph 6 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. Section § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

**Answer:** Defendant admits that plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

8. Jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction is conferred by 28 U.S.C. § 1367. The amount in controversy exclusive of costs and attorneys' fees is in excess of $50,000.00.

**Answer:** Defendant admits federal jurisdiction in this matter.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b), because all defendants reside in the district, and the events giving rise to the claims asserted herein occurred as well.

**Answer:** Defendant admits venue in this matter.

## PARTIES

10. Plaintiff Alexx Lee is natural person, a twenty-two year old African American male who is, and was during all times relevant to this action, a resident of Cook County, Illinois, and a United States citizen.

**Answer:** Defendant neither admits nor denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

11. Defendant Joseph McNeal is a natural person and a sworn officer of the Dolton Police Department who is sued in his individual capacity for actions he took by virtue of his authority as police officer.

**Answer:** Defendant admits Joseph McNeal is a sworn officer of the Dolton Police Department. Defendant neither admits nor denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

12. Defendant Joseph McNeal, at all times relevant to this Complaint, acted under color of state law as a police officer of the Village of Dolton, and acted in the course and within the scope of his employment.

**Answer:** Defendant admits Joseph McNeal is a sworn officer of the Dolton Police Department. Defendant neither admits nor denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

13.     Defendant Village of Dolton Police Department is a municipal entity which employs or employed the Defendant Officer, and is charged with the duty to supervise, manage and control its employees to prevent the violation of the civil rights of its citizen.

**Answer:**  Defendant denies that "Village of Dolton Police Department" is a suable entity and as such denies the allegations of Paragraph 13 including any duty alleged.

14.     Defendant Village of Dolton is a municipal entity which employs or employed the Defendant Officer, and is charged with the duty to supervise, manage and control its Police Department to prevent the violation of the civil rights of its citizens.

**Answer:**     Admits Village of Dolton is a municipal entity but denies the allegations of paragraph 14 as phrased, further stating that duties arise but operation of law not by allegations of the pleader.

## COUNT I – USE OF EXCESSIVE FORCE

15.     Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:**  Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

16.     At all times material hereto, Plaintiff had a Fourth Amendment right to be free of excessive and unnecessary use of force in his interactions with state and local police.

**Answer:**  Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

17. That on July 10, 2007, at approximately 11:20 p.m., Plaintiff was standing outside a residence at 14928 Evers in the Village of Dolton.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

18. That at all times material to these allegations, Alexx Lee was unarmed.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

19. That Officer McNeal discharged his weapon at the Plaintiff, striking him in the abdomen.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

20. That at no time prior to shooting Alexx Lee was Officer McNeal advised, nor did he visualize that Alexx Lee was armed.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

21. At the time Officer McNeal fired his weapon at Alexx Lee, Lee did not constitute a threat to the physical safety of Officer McNeal or any other citizens.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

22. At the time Officer McNeal fired his weapon at Alexx Lee, Alexx Lee was not an escapee for whom a criminal warrant had been issued, nor did Officer McNeal have any information on which to form a belief that Alexx Lee was an escapee for whom a criminal warrant had been issued.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

23. The law was clearly established prior to July 10, 2007, that utilization of deadly force with firearms upon subjects by police officers was not constitutionally permissible unless the use of said deadly force was necessary to prevent escape or said officer has probable cause to believe that the suspect posed a serious threat of death or serious physical injury to the officer or others.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

24. The act of Defendant McNeal firing his weapon at Alexx Lee constituted the use of deadly force.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

25. At the time Defendant McNeal fired shorts at Alexx Lee, thereby employing deadly force, he did so without actual, factual or legal justification.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

26. At all times material, Defendant McNeal had the duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive force in conducting his patrol, executing his duties as a police officer, or apprehending individuals for any offenses which Defendant McNeal suspected individuals may have been engaged in while Plaintiff was located outside of the home at 14928 Evers Street, Dolton.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

27. Notwithstanding this duty, Defendant McNeal was then and there guilty of one or more of the following act and/or omissions to act, in that he:

a. Discharged his weapon in the direction of the Plaintiff without cause or provocation;

b. Struck the Plaintiff in the thigh with a bullet which had been discharged from his gun;

c. Pursued Plaintiff with his gun drawn and safety off recklessly endangering the safety of the unarmed Plaintiff; and

d. Recklessly used excessive force in order to cause Plaintiff injury.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

28. As a result of Defendant McNeal's actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count I of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

### COUNT II: MUNICIPAL LIABILITY: FAILURE OF DOLTON POLICE DEPARTMENT AND VILLAGE OF DOLTON TO TRAIN AND SUPERVISION

29. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:** Defendant restates and realleges by reference its answers to each and every foregoing allegation as if fully set forth herein.

30. The acts and omissions in violation of Plaintiff's rights by Defendant McNeal were perpetrated pursuant to the custom and policy of Defendants Village of Dolton Police Department and the Village of Dolton.

**Answer:** Denied.

31. Defendant Village of Dolton Police Department failed to train Defendant McNeal and/or failed to supervise Defendant McNeal regarding the circumstances under which he could utilize force against citizens.

**Answer:** Denied.

32. Defendant Village of Dolton failed to train Defendant McNeal and/or failed to supervise Defendant McNeal regarding the circumstances under which he could utilize force against citizens.

**Answer:** Denied.

33. Defendant Village of Dolton Police Department's failure to train and/or supervise Defendant McNeal regarding use of excessive force against Plaintiff and others, as well as the use of excessive force perpetrated by other Village of Dolton officers, can be inferred by the obviousness of the facts.

**Answer:** Denied.

34. Defendant Village of Dolton's failure to train and/or supervise Defendant McNeal regarding use of excessive force against Plaintiff and others, as well as the use of excessive force perpetrated by other Village of Dolton officers, can be inferred by the obviousness of the facts.

**Answer:** Denied.

35. Defendants Village of Dolton Police Department and Village of Dolton were deliberately indifferent to the rights of Plaintiffs and other citizens of the Village of Dolton.

**Answer:** Denied.

36. Defendants Village of Dolton Police Department and Village of Dolton's failure to train and supervise Defendant McNeal was a moving force behind Defendant's illegal acts.

**Answer:** Denied.

### COUNT III: WILLFULL AND WANTON TORTIOUS CONDUCT BY DEFENDANT MCNEAL IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

37. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 37 of Count III of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

38. Prior to engaging in his unlawful actions, including the use of unnecessary force against a citizen, Defendant McNeal had a duty to critically evaluate the facts on which they would rely to support his planned actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 38 of Count III of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

39. Defendant McNeal failed to exercise his duty in these regards and his actions were not objectively reasonable. Defendant McNeal's actions during the exercise of his police duties and pursuit of Plaintiff, to wit: shooting Plaintiff in the abdomen while Plaintiff was simply standing outside a residence and unarmed constituted excessive and unreasonable force.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 39 of Count III of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

40. In addition, the actions undertaken by Defendant McNeal were willful, wanton and were perpetrated in reckless disregard of Plaintiff's constitutional rights.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 40 of Count III of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

41. Defendants Village of Dolton Police Department and Village of Dolton are liable for said acts of Defendant McNeal because pursuant to Section 9-102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, a local public entity is required to pay any tort compensatory damages judgment for which he or an employee acting within the scope of his employment is liable so long as the conduct was willful and wanton. 745 Ill. Comp. Statutes 10/9/-102 (West 2007).

**Answer:** Denied as phrased.

### COUNT IV: NEGLIGENCE AGAINST DEFENDANT MCNEAL INDIVIDUALLY

42. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count IV of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

43. At all times material, Defendant McNeal had the duty under the Constitution of the State of Illinois to refrain from the use of excessive force in conducting his patrol, executing his duties as a police officer, or apprehending individuals for any offenses which Defendant McNeal suspected individuals may have been engaged in while Plaintiff was located outside of the home at 14928 Evers Street, Dolton.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count IV of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

44. Notwithstanding this duty, Defendant McNeal was then and there guilty of one or more of the following acts and/or omission to act, and deviated from his duty in that he:

   a. Discharged his weapon in the direction of the Plaintiff without cause or provocation;

   b. Struck the Plaintiff in the thigh with a bullet which had been discharged from his gun;

   c. Pursued Plaintiff with his gun drawn and safety off recklessly endangering the safety of the unarmed Plaintiff; and

   d. Recklessly used excessive force in order to cause Plaintiff injury.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count IV of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

45. As a result of Defendant McNeal's actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Count IV of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

## COUNT V: ASSAULT

46. Each and every foregoing allegations is herein incorporated by reference as if fully set forth.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 46 of Count V of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

47. Plaintiff is a reasonable person.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 47 Count V of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

48. Defendant McNeal intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit, firing his handgun at the Plaintiff, discharging a bullet which resulted in the associated and recognizable sound of a firing shot to startle the Plaintiff for no known purpose other than to create in the Plaintiff an apprehension of immediate physical harm. Restatement (2nd) of Torts § 21 (West 2007).

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 48 of Count V of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

49. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 49 of Count V of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

50. Defendant Village of Dolton is liable for the aforesaid acts of Defendant McNeal under the doctrine of respondeat superior.

**Answer:** Denied.

### COUNT VI: BATTERY

51. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 51 of Count VI of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

52. Without the consent of Plaintiff, Defendant McNeal intentionally, harmfully, and offensively touched Plaintiff by striking him with the bullet discharged from his gun when Defendant McNeal fired the gun at the Plaintiff.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer to Paragraph 52 of Count VI of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Count are directed to VILLAGE OF DOLTON, this Defendant denies same.

53. Defendants Village of Dolton Police Department and Village of Dolton are liable for the aforesaid actions of Defendant McNeal under the doctrine of respondeat superior.

**Answer:** Denied.

## COUNT VII: PUNITIVE DAMAGES

54. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer Paragraph 54 of to Count VII of Plaintiff's Complaint as punitive damages are not allowed against a public entity. To the extent that any of the allegations in this paragraph are directed to VILLAGE OF DOLTON, this Defendant denies same.

55. The acts and omissions of Defendant McNeal herein were willful and wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer Paragraph 55 of to Count VII of Plaintiff's Complaint as punitive damages are not allowed against a public entity. To the extent that any of the allegations in this paragraph are directed to VILLAGE OF DOLTON, this Defendant denies same.

56. The award of punitive damages as against Defendant McNeal is justified and necessary in order to dissuade Defendant McNeal and others likewise situated from behaving in the same or similar fashion in the future.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer Paragraph 55 of to Count VII of Plaintiff's Complaint as punitive damages are not allowed against a public entity. To the extent that any of the allegations in this paragraph are directed to VILLAGE OF DOLTON, this Defendant denies same.

57. No punitive damages are requested or sought against any municipalities or against Defendant McNeal in any of his official capacities.

**Answer:** Defendant, VILLAGE OF DOLTON, makes no answer Paragraph 57 of to Count VII of Plaintiff's Complaint as punitive damages are not allowed against a public entity. To the extent that any of the allegations in this paragraph are directed to VILLAGE OF DOLTON, this Defendant denies same.

WHEREFORE, Defendant, VILLAGE OF DOLTON, respectfully requests judgment in its favor and against the Plaintiff, and that Plaintiff take nothing by way of his Complaint.

## JURY DEMAND

Defendant demands a trial by jury.

> Respectfully submitted
>
> VILLAGE OF DOLTON
>
> By: /s/ Larry S. Kowalczyk
> One of its attorneys

Larry S. Kowalczyk #06225367
Querrey & Harrow, Ltd.
175 West Jackson, Suite 1600
Chicago, IL 60604
Phone: (312) 540-7000
Fax: (312) 540-0578