IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH McNEAL,<br>INDIVIDUALLY and IN HIS<br>OFFICIAL CAPACITY AS AN<br>AGENT OF DOLTON<br>POLICE DEPARTMENT and<br>VILLAGE OF DOLTON, and<br>VILLAGE OF DOLTON,<br><br>Defendants. | No. 07 C 6856 |

## JOINT INITIAL STATUS REPORT

COMES NOW, ALEXX LEE, Plaintiff, by and through his attorneys, LAW FIRM OF CHADWICK & LAKERDAS, and JOSEPH McNEAL, Individually, and in his capacity as an agent of Defendants DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, DOLTON POLICE DEPARTMENT, and VILLAGE OF DOLTON, by and through their attorneys, QUERREY & HARROW, LTD., and for their Joint Initial Status Report states as follows.

1. <u>Nature of claim</u>- Plaintiff brings this civil rights action under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and Illinois common law for the torts of negligence, assault and battery, for his

shooting by Defendant McNeal, while on duty and under the authority of Defendant Village or Dolton.

2. <u>Relief Sought</u>-Plaintiff seeks nominal and compensatory damages against all Defendants and award punitive damages against Defendant McNeal, costs related to the action and attorney's fees.

3. <u>Parties Not Served</u>- Both Defendants have been served, however Defendant McNeal has not yet filed his answer to the complaint.

4. <u>Principal Legal Issues</u>

    a. *Excessive Force (Federal Claim)*-Did Defendant McNeal, Individually and acting with the scope of his employment with Defendant Village of Dolton use excessive force against the plaintiff?

    b. *Municipal Liability (Federal Claim)*-Did the Defendant Village of Dolton have a policy, practice or custom that condoned Defendant McNeal's actions on the evening that gave rise to the cause of action?

    c. *Municipal Liability (Federal Claim)*-Did the Defendant Village of Dolton have a policy, practice or custom of failing to train its police officers on the appropriate use of force which gave rise to Defendant McNeal's actions?

    d. *Willful and Wanton Tortious Conduct (State Claim)*-Were the actions undertaken by Defendant McNeal willful, wanton and perpetrated in reckless disregard of Plaintiff's constitutional rights, hence making the Village of Dolton liable for his actions under an exception to the Illinois Local Government and Governmental Employees Tort Immunity Act?

    e. *Negligence (State Claim)*-Did Defendant McNeal owe a duty to the Plaintiff in the exercise of his responsibilities as a police officer to refrain from using his weapon in the course of events that gave rise to this cause of action, did Defendant McNeal breach said duties, was Defendant McNeal's breach of this duty the proximate and legal cause of the Plaintiff's injuries?

    f. *Assault (State Claim)*-Did Defendant McNeal intentionally and offensively touch the Plaintiff without his consent?

  g. *Battery (State Claim)*-Did Defendant McNeal create an apprehension of immediate physical harm to the Plaintiff and was such apprehension that of a reasonable person in similarly situated circumstances?

  h. *Punitive Damages (Federal Claim)*-Is the Plaintiff, Alexx Lee, entitled to punitive damages?

5. Principal Factual issues

  a. Were the Village of Dolton's policies and procedures adequate to prevent violations of citizen's constitutional and civil rights?

  b. Were Defendant McNeal's acts and omissions perpetrated pursuant to the custom and policy of Defendants Village of Dolton Police Department and the Village of Dolton?

  c. What circumstances gave rise to Defendant McNeal drawing his weapon and firing and striking the Plaintiff?

6. Pending Motions/Summary of Bases for Motions-At the present time, there are no such pending motions by either of the parties.

7. Description of discovery requested and exchanged

  a. Plaintiff propounded interrogatories and requested the production of documents on Jan. 9, 2008. To date, Defendant has not responded to either.

  b. To date, Defendant Village of Dolton has not submitted any discovery requests to the Plaintiff. Defendant McNeal at present has not yet answered Plaintiff's complaint.

8. Discovery needed- Parties expect that they will require standard discovery consisting of written, specifically interrogatories and requests for production of documents, and some oral in the form of pre-trial depositions.

9. Proposed dates for completion of Pretrial materials

  a. *Rule 26(a)(1) disclosures*-March 19, 2008
  b. *Fact Discovery*-May 19, 2008
  c. *Expert Discovery*-July 18, 2008
  d. *Filing of Dispositive Motions*-August 10, 2008

e. *Filing of Pre-trial Order*-August 31, 2008

10. <u>Estimation of when Case will be ready for trial</u>-September 22, 2008

11. <u>Probable Length of Trial</u>- Two (2) to three (3) days.

12. <u>Jury Demand</u>- Plaintiff has requested a jury trial.

13. <u>Settlement Discussions</u>- The parties have not yet engaged in settlement negotiations.

14. <u>Consent to proceed before Magistrate Judge</u>- Both parties agree to proceed before a Magistrate Judge.

Respectfully submitted,

STURGIS E. CHADWICK, III
Lead Trial Counsel for Plaintiff, Alexx Lee


BY: /s/Larry S. Kowalczyk
LAWRENCE S. KOWALCZYK
Lead Trial Counsel for Defendant, Village of Dolton


Law Offices of
**CHADWICK & LAKERDAS**
5300 South Shore Drive, Suite 100
Chicago, IL 60615
Counsel for Plaintiff
(773) 955-1088


Law Offices of
**QUERREY & HARROW, LTD.**
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604
Counsel for Defendant, Village of Dolton
312-540-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH McNEAL,<br>INDIVIDUALLY and IN HIS<br>OFFICIAL CAPACITY AS AN<br>AGENT OF DOLTON<br>POLICE DEPARTMENT and<br>VILLAGE OF DOLTON, and<br>VILLAGE OF DOLTON,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 07 C 6856<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT JURISDICTIONAL STATEMENT

15. <u>Subject Matter Jurisdiction</u>- The Court has subject matter jurisdiction over the case at hand as the civil rights violations are brought pursuant to 42 U.S.C. Section § 1983 which confers such jurisdiction upon the federal courts. Jurisdiction is conferred for the state supplementary claims via 28 U.S.C. § 1367.

16. <u>Venue (Plaintiff's Position)</u>- Venue is proper in the Northern District of Illinois as all defendants reside in the district, and the events giving rise to the claims asserted herein occurred here as well.

                                                Respectfully submitted,

                                                STURGIS E. CHADWICK, III

Lead Trial Counsel for Plaintiff, Alexx Lee

BY: /s/ Larry S. Kowalczyk
LAWRENCE S. KOWALCZYK
Lead Trial Counsel for Defendant, Village of Dolton

Law Offices of
**CHADWICK & LAKERDAS**
5300 South Shore Drive, Suite 100
Chicago, IL 60615
Counsel for Plaintiff
(773) 955-1088

Law Offices of
**QUERREY & HARROW, LTD.**
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604
Counsel for Defendant, Village of Dolton
312-540-7000