50253-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ALEXX LEE,

                                    Plaintiff,

    v.                                                          No. 07 C 6856

JOSEPH McNEAL, INDIVIDUALLY and IN HIS                          Judge Der-Yeghiayan
OFFICIAL CAPACITY AS AN AGENT OF DOLTON
POLICE DEPARTMENT and VILLAGE OF DOLTON,                        Magistrate Judge Denlow
and VILLAGE OF DOLTON,

                                    Defendants.

### DEFENDANT, JOSEPH McNEAL'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, JOSEPH McNEAL, by and through his attorneys,

QUERREY & HARROW, LTD., and for its answer to Plaintiff's Complaint, states as follows:

### NATURE OF THE ACTION

1.    This is a civil rights action for damages brought pursuant to the Fourth and

Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and Illinois

common law for the torts of negligence, assault and battery.

**Answer:**    Defendant admits that plaintiff brings this cause of action pursuant to 42

U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of

the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which

relief may be granted.

2.    Plaintiff, Alexx Lee, a twenty-two-year-old, sues the Individual Defendants for

their use of excessive force and violation of his civil and constitutionally guaranteed rights.

**Answer:**    Defendant admits that plaintiff brings this cause of action pursuant to 42

U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of

the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

3.    The Fourth Amendment to the United States Constitution guarantees said rights as follows:

> The right of the people to secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. Amend. IV.

**Answer:**    Admitted.

4.    On July 10, 2007, Dolton Police Officer Joseph McNeal while on duty and under the authority of the Village of Dolton, shot Mr. Lee.  Mr. Lee at the time he was shot by Defendant McNeal was unarmed.

**Answer:**    Defendant denies the allegations of Paragraph 4 as phrased.

5.    Upon information and belief, the forensic evidence available in this matter will demonstrate that the Plaintiff was shot in the abdomen.

**Answer:**    Defendant neither admits nor denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

6.    Defendant McNeal in shooting the unarmed Plaintiff from behind used excessive force in the course of his patrol thereby depriving him of the civil liberties and appropriate treatment guaranteed to all United States Citizens.

**Answer:**    Defendant denies the allegations as phrased in Paragraph 6.

2

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. Section § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

**Answer:**      Defendant admits that plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 and Illinois common law claims, but denies that there has been a deprivation of the Plaintiff's civil rights to be redressed or that the Plaintiff states a cause of action upon which relief may be granted.

8.      Jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction is conferred by 28 U.S.C. § 1367. The amount in controversy exclusive of costs and attorneys' fees is in excess of $50,000.00.

**Answer:**      Defendant admits federal jurisdiction in this matter.

9.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b), because all defendants reside in the district, and the events giving rise to the claims asserted herein occurred as well.

**Answer:**      Defendant admits venue in this matter.

## PARTIES

10.      Plaintiff Alexx Lee is natural person, a twenty-two year old African American male who is, and was during all times relevant to this action, a resident of Cook County, Illinois, and a United States citizen.

**Answer:**      Defendant neither admits nor denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as he lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

3

11.     Defendant Joseph McNeal is a natural person and a sworn officer of the Dolton Police Department who is sued in his individual capacity for actions he took by virtue of his authority as police officer.

**Answer:**     Defendant admits Joseph McNeal is a sworn officer of the Dolton Police Department and denies all other allegations and conclusions as phrased in Paragraph 11.

12.     Defendant Joseph McNeal, at all times relevant to this Complaint, acted under color of state law as a police officer of the Village of Dolton, and acted in the course and within the scope of his employment.

**Answer:** Defendant admits Joseph McNeal is a sworn officer of the Dolton Police Department and denies all other allegations and conclusions as phrased in Paragraph 12.

13.     Defendant Village of Dolton Police Department is a municipal entity which employs or employed the Defendant Officer, and is charged with the duty to supervise, manage and control its employees to prevent the violation of the civil rights of its citizen.

**Answer:** Defendant denies that "Village of Dolton Police Department" is a suable entity and as such denies the allegations of Paragraph 13 including any duty alleged.

14.     Defendant Village of Dolton is a municipal entity which employs or employed the Defendant Officer, and is charged with the duty to supervise, manage and control its Police Department to prevent the violation of the civil rights of its citizens.

**Answer:**     Admits Village of Dolton is a municipal entity but denies the allegations of paragraph 14 as phrased, further stating that duties arise but operation of law not by allegations of the pleader.

4

## COUNT I – USE OF EXCESSIVE FORCE

15.    Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:**    Defendant restates and realleges by reference his answers to each and every foregoing allegation as if fully set forth herein.

16.    At all times material hereto, Plaintiff had a Fourth Amendment right to be free of excessive and unnecessary use of force in his interactions with state and local police.

**Answer:**    Defendant denies the allegations as phrased in Paragraph 16.

17.    That on July 10, 2007, at approximately 11:20 p.m., Plaintiff was standing outside a residence at 14928 Evers in the Village of Dolton.

**Answer:**    Defendant denies the allegations as phrased in Paragraph 17.

18.    That at all times material to these allegations, Alexx Lee was unarmed.

**Answer:**    Defendant neither admits nor denies the allegations contained in Paragraph 18 of Plaintiff's Complaint as he lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

19.    That Officer McNeal discharged his weapon at the Plaintiff, striking him in the abdomen.

**Answer:**    Defendant denies the allegations as phrased in Paragraph 19.

20.    That at no time prior to shooting Alexx Lee was Officer McNeal advised, nor did he visualize that Alexx Lee was armed.

**Answer:**    Defendant denies the allegations as phrased in Paragraph 20.

21.     At the time Officer McNeal fired his weapon at Alexx Lee, Lee did not constitute a threat to the physical safety of Officer McNeal or any other citizens.

**Answer:** Defendant denies the allegations as phrased in Paragraph 21.

22.     At the time Officer McNeal fired his weapon at Alexx Lee, Alexx Lee was not an escapee for whom a criminal warrant had been issued, nor did Officer McNeal have any information on which to form a belief that Alexx Lee was an escapee for whom a criminal warrant had been issued.

**Answer:** Admitted.

23.     The law was clearly established prior to July 10, 2007, that utilization of deadly force with firearms upon subjects by police officers was not constitutionally permissible unless the use of said deadly force was necessary to prevent escape or said officer has probable cause to believe that the suspect posed a serious threat of death or serious physical injury to the officer or others.

**Answer:** Defendant denies the allegations as phrased in Paragraph 23.

24.     The act of Defendant McNeal firing his weapon at Alexx Lee constituted the use of deadly force.

**Answer:** Defendant denies the allegations as phrased in Paragraph 24.

25.     At the time Defendant McNeal fired shots at Alexx Lee, thereby employing deadly force, he did so without actual, factual or legal justification.

**Answer:** Defendant denies the allegations as phrased in Paragraph 25.

26.     At all times material, Defendant McNeal had the duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive force in conducting his patrol, executing his duties as a police officer, or apprehending individuals for

6

any offenses which Defendant McNeal suspected individuals may have been engaged in while Plaintiff was located outside of the home at 14928 Evers Street, Dolton.

**Answer:** Defendant denies that Paragraph 26 accurately sets forth any duty owed by this Defendant and avers affirmatively that he owed only those duties imposed by law.

27.    Notwithstanding this duty, Defendant McNeal was then and there guilty of one or more of the following act and/or omissions to act, in that he:

a.    Discharged his weapon in the direction of the Plaintiff without cause or provocation;

b.    Struck the Plaintiff in the thigh with a bullet which had been discharged from his gun;

c.    Pursued Plaintiff with his gun drawn and safety off recklessly endangering the safety of the unarmed Plaintiff; and

d.    Recklessly used excessive force in order to cause Plaintiff injury.

**Answer:**   Defendant denies the allegations as phrased in Paragraph 27 including subparagraphs (a) through (d).

28.    As a result of Defendant McNeal's actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances.

**Answer:** Defendant denies the allegations as phrased in Paragraph 28.

### COUNT II: MUNICIPAL LIABILITY:  FAILURE OF DOLTON POLICE DEPARTMENT AND VILLAGE OF DOLTON TO TRAIN AND SUPERVISION

29.    Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

7

**Answer:** Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

30.    The acts and omissions in violation of Plaintiff's rights by Defendant McNeal were perpetrated pursuant to the custom and policy of Defendants Village of Dolton Police Department and the Village of Dolton.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

31.    Defendant Village of Dolton Police Department failed to train Defendant McNeal and/or failed to supervise Defendant McNeal regarding the circumstances under which he could utilize force against citizens.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

32.    Defendant Village of Dolton failed to train Defendant McNeal and/or failed to supervise Defendant McNeal regarding the circumstances under which he could utilize force against citizens.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

33.    Defendant Village of Dolton Police Department's failure to train and/or supervise Defendant McNeal regarding use of excessive force against Plaintiff and others, as

8

well as the use of excessive force perpetrated by other Village of Dolton officers, can be inferred by the obviousness of the facts.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

34.    Defendant Village of Dolton's failure to train and/or supervise Defendant McNeal regarding use of excessive force against Plaintiff and others, as well as the use of excessive force perpetrated by other Village of Dolton officers, can be inferred by the obviousness of the facts.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

35.    Defendants Village of Dolton Police Department and Village of Dolton were deliberately indifferent to the rights of Plaintiffs and other citizens of the Village of Dolton.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

36.    Defendants Village of Dolton Police Department and Village of Dolton's failure to train and supervise Defendant McNeal was a moving force behind Defendant's illegal acts.

**Answer:**    Defendant McNEAL makes no answer to Count II of Plaintiff's Complaint as it is not directed at this Defendant. To the extent that any of the allegations in this Court are directed to JOSEPH McNEAL, this Defendant denies same.

## COUNT III: WILLFULL AND WANTON TORTIOUS CONDUCT BY DEFENDANT MCNEAL IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

9

37.    Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:**  Defendant restates and realleges by reference his answers to each and every foregoing allegation as if fully set forth herein.

38.    Prior to engaging in his unlawful actions, including the use of unnecessary force against a citizen, Defendant McNeal had a duty to critically evaluate the facts on which they would rely to support his planned actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances.

**Answer:**    Defendant denies that Paragraph 38 accurately sets forth any duty owed by this Defendant and avers affirmatively that he owed only those duties imposed by law.

39.    Defendant McNeal failed to exercise his duty in these regards and his actions were not objectively reasonable.  Defendant McNeal's actions during the exercise of his police duties and pursuit of Plaintiff, to wit:  shooting Plaintiff in the abdomen while Plaintiff was simply standing outside a residence and unarmed constituted excessive and unreasonable force.

**Answer:**  Defendant denies the allegations as phrased in Paragraph 39.

40.    In addition, the actions undertaken by Defendant McNeal were willful, wanton and were perpetrated in reckless disregard of Plaintiff's constitutional rights.

**Answer:**  Denied.

41.    Defendants Village of Dolton Police Department and Village of Dolton are liable for said acts of Defendant McNeal because pursuant to Section 9-102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, a local public entity is required to pay any tort compensatory damages judgment for which he or an employee acting

within the scope of his employment is liable so long as the conduct was willful and wanton. 745 Ill. Comp. Statutes 10/9/-102 (West 2007).

> **Answer:**    Defendant denies the allegations as phrased in Paragraph 41.

## COUNT IV: NEGLIGENCE AGAINST DEFENDANT MCNEAL INDIVIDUALLY

42.    Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

> **Answer:**  Defendant restates and realleges by reference his answers to each and every foregoing allegation as if fully set forth herein.

43.    At all times material, Defendant McNeal had the duty under the Constitution of the State of Illinois to refrain from the use of excessive force in conducting his patrol, executing his duties as a police officer, or apprehending individuals for any offenses which Defendant McNeal suspected individuals may have been engaged in while Plaintiff was located outside of the home at 14928 Evers Street, Dolton.

> **Answer:**    Defendant denies that Paragraph 43 accurately sets forth any duty owed by this Defendant and avers affirmatively that he owed only those duties imposed by law.

44.    Notwithstanding this duty, Defendant McNeal was then and there guilty of one or more of the following acts and/or omission to act, and deviated from his duty in that he:

a.    Discharged his weapon in the direction of the Plaintiff without cause or provocation;

b.    Struck the Plaintiff in the thigh with a bullet which had been discharged from his gun;

c.    Pursued Plaintiff with his gun drawn and safety off recklessly endangering the safety of the unarmed Plaintiff; and

11

     d.     Recklessly used excessive force in order to cause Plaintiff injury.

**Answer:** Defendant denies the allegations as phrased in Paragraph 44 including subparagraphs (a) through (d).

45.     As a result of Defendant McNeal's actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances.

**Answer:** Defendant denies the allegations as phrased in Paragraph 45.

### COUNT V: ASSAULT

46.     Each and every foregoing allegations is herein incorporated by reference as if fully set forth.

**Answer:** Defendant restates and realleges by reference his answers to each and every foregoing allegation as if fully set forth herein.

47.     Plaintiff is a reasonable person.

**Answer:** Defendant denies the allegations as phrased in Paragraph 47.

48.     Defendant McNeal intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit, firing his handgun at the Plaintiff, discharging a bullet which resulted in the associated and recognizable sound of a firing shot to startle the Plaintiff for no known purpose other than to create in the Plaintiff an apprehension of immediate physical harm.  Restatement (2nd) of Torts § 21 (West 2007).

**Answer:** Defendant denies the allegations as phrased in Paragraph 48.

49.     Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

**Answer:** Defendant denies the allegations as phrased in Paragraph 49.

12

50.     Defendant Village of Dolton is liable for the aforesaid acts of Defendant McNeal under the doctrine of respondeat superior.

**Answer:**      Defendant denies the allegations as phrased in Paragraph 50.

### COUNT VI: BATTERY

51.     Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:** Defendant restates and realleges by reference his answers to each and every foregoing allegation as if fully set forth herein.

52.     Without the consent of Plaintiff, Defendant McNeal intentionally, harmfully, and offensively touched Plaintiff by striking him with the bullet discharged from his gun when Defendant McNeal fired the gun at the Plaintiff.

**Answer:**  Defendant denies the allegations as phrased in Paragraph 52.

53.     Defendants Village of Dolton Police Department and Village of Dolton are liable for the aforesaid actions of Defendant McNeal under the doctrine of respondeat superior.

**Answer:**  Defendant denies the allegations as phrased in Paragraph 53.

### COUNT VII: PUNITIVE DAMAGES

54.     Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

**Answer:**    Defendant restates and realleges by reference his answers to each and every foregoing allegation as if fully set forth herein.

55.     The acts and omissions of Defendant McNeal herein were willful and wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

13

**Answer:** Defendant denies the allegations as phrased in Paragraph 55.

56.    The award of punitive damages as against Defendant McNeal is justified and necessary in order to dissuade Defendant McNeal and others likewise situated from behaving in the same or similar fashion in the future.

**Answer:** Defendant denies the allegations as phrased in Paragraph 56.

57.    No punitive damages are requested or sought against any municipalities or against Defendant McNeal in any of his official capacities.

**Answer:** Defendant neither admits nor denies the allegations as phrased in Paragraph 57 of Plaintiff's Complaint as its lacks sufficient knowledge to form a belief as to the veracity of the allegations contained therein, and demands strict proof thereof.

WHEREFORE, Defendant, JOSEPH McNEAL, respectfully requests judgment in its favor and against the Plaintiff, and that Plaintiff take nothing by way of his Complaint.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, JOSEPH McNEAL, by and through his attorneys, QUERREY & HARROW, LTD., and without prejudice to the admissions and denials and other statements made in the pleadings, in the alternative, for his affirmative defenses, states as follows:

1.    The allegations contained in Plaintiff's pending Complaint fail to state a valid cause of action upon which relief can be granted.

2.    To the extent that the Defendant was acting in the scope of employment with

14

The Village of Dolton, and under the color of law, Defendant is entitled to qualified immunity.

3. Defendant did not intentionally or knowingly deprive the Plaintiff of any right guaranteed them by the United States Constitution or any other statute set forth in Plaintiff's Complaint and all actions of this Defendant was undertaken in good faith and in the performance of his official duties, and the reasonable belief that his actions were lawful and authorized.

4. Upon information and belief, Plaintiff has failed to state a federal claim against this Defendant for the reason that the acts complained of were not caused by an official policy, practice, customary usage of this Defendant.

5. Any injury or damages suffered by the Plaintiff was the result of an independent intervening cause, and not the result of any alleged actions or omissions of this Defendant.

6. Plaintiff's state law claim is barred by 745 ILCS 10/2-201 of the Illinois Tort Immunity Act in that the Defendant was a public employee serving in a position involving the determination of policy or exercise of discretion at the time of Plaintiff's arrest, thus, Defendant is not liable for any injuries resulting from an act or omission in determining policy when acting in the exercise of that discretion, even though abused.

7. Plaintiff's state law claim is barred by 745 ILCS 10/2-202 of the Illinois Tort Immunity Act in that the Defendant was engaged in the execution or enforcement of the law and their actions did not constitute willful and wanton misconduct.

15

WHEREFORE, Defendants, JOSEPH McNEAL, respectfully requests the Court dismiss Plaintiff's Complaint, with prejudice, and award Defendant his costs associated with defending this action, including attorneys' fees, together with such other and further relief this Court deems just and equitable.

### JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted

Defendant, JOSEPH McNEAL

By:     /s/ Larry S. Kowalczyk
                One of his attorneys

Larry S. Kowalczyk #06225367
Querrey & Harrow, Ltd.
175 West Jackson, Suite 1600
Chicago, IL 60604
Phone: (312) 540-7000
Fax: (312) 540-0578
Document #: 1305165

16