50253-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSEPH McNEAL, INDIVIDUALLY and IN HIS<br>OFFICIAL CAPACITY AS AN AGENT OF DOLTON<br>POLICE DEPARTMENT and VILLAGE OF<br>DOLTON, and VILLAGE OF DOLTON,<br><br>                Defendants. | No. 07 C 6856<br><br>Judge Der-Yeghiayan |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, THE VILLAGE OF DOLTON AND JOSEPH MCNEAL, by and through their attorneys, QUERREY & HARROW, LTD., and moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 56, for the entry of summary judgment in its favor as to Counts I, II, III, V, VI, VII of Plaintiff's Complaint on the grounds there are no issues of material fact present and Defendant is entitled to judgment as a matter of law. In support of its Motion, Defendant hereby submits this Memorandum of Law and states:

## STATEMENT OF FACTS

Dolton and McNeal restates and incorporates by reference its Statement of Undisputed Material Facts provided pursuant to LR.56.1 as its statement of facts, as though fully stated herein.

## INTRODUCTION

Plaintiff, ALEXX LEE ("LEE"), filed a seven-count Complaint seeking to recover damages for the alleged injuries he sustained as a result of an incident that occurred on July 10, 2007 at a residence at 14928 Evers, located in Village of Dolton, Illinois. LEE alleges that certain events took place that evening which resulted in violations of his civil rights and other

tortious conduct.  He filed suit against Defendant, VILLAGE OF DOLTON ("Dolton") AND JOSEPH MCNEAL ("McNeal").  In their Answers, these Defendants denied all allegations of wrongdoing.

However, based on the undisputed facts no reasonable trier of fact could find in favor of Plaintiff.  Therefore, Defendants are entitled to judgment as a matter of law.

## ARGUMENT

In a federal court action, a moving party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See also Celotex. Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1209 (7th Cir. 1993).  The trial court's task at the summary judgment stage is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them.  *Gallo v. Prudential Residential Serv., Ltd.*, 22 F.3d 1219, 1224 (2d Cir. 1994).  The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex.*, 477 U.S. 323.  The substantive law governing the case will identify those facts which are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Harris v. Security Co. of 1370 Sixth Ave.*, 1996 U.S. Dist. LEX.IS 14388, *5 (S.D.N.Y. 1996) (*quoting* Fed. R. Civ. P. 56(e)).  The non-movant must go beyond the pleadings and set forth specific material facts as to which there is a genuine dispute.  Fed. R. Civ. P. 56 (e); *Becker v. Tannenbaum-Hill Assoc.*, 914 F.2d 107, 110 (7th Cir. 1990).

## FACTS

On July 10, 2007, Officer McNeal and his partner Detective Timothy McPherson were patrolling the afternoon shift as members of the tactical unit. Defendant's Statement of Material Facts "S.O.F." 33. Officer McNeal was a passenger in an unmarked police vehicle, driven by his

2

partner Detective McPherson. S.O.F. 34. At approximately 11 p.m. on July 10, 2007, Officer McNeal and Detective McPherson, along with another squad car, responded to a call reporting possible drug activity at 14928 Evers Street. S.O.F. 35 There have been frequent calls complaining of drug activity at 14928 Evers and as a result, the location was known throughout the Dolton Police Department for its heavy drug presence. S.O.F. 36. It is common knowledge at Village of Dolton Police Department that gun shots have been fired in the area of 149th and Evers on previous occasions and the area is known to have frequent gun activity. S.O.F. 37.

Upon arrival at the block of 14928 Evers, the officers observed approximately five to eight individuals standing in the front of and on the porch of 14928 South Evers. S.O.F. 38. Upon noticing law enforcement officers, these individuals fled on foot westbound through a gangway towards an alley. S.O.F. 39. In response, Officer McNeal exited the police vehicle and pursued the fleeing suspects from the north while McPherson pursued in the vehicle from the south. S.O.F. 40. Officer McNeal came upon a gangway where he noticed the silhouettes of two individuals walking towards him from about five to seven feet away. S.O.F. 43. At this point McNeal had a flashlight in his right hand and his service revolver in his left hand. S.O.F. 44. Officer McNeal's flashlight malfunctioned, resulting in his limited vision he was unable to see if there was anything in the hands of either individual. S.O.F. 45, 46.

Officer McNeal announced his office and ordered both individuals to "get on the ground." S.O.F. 47. As the individuals continued to walk towards Officer McNeal he observed that one man had his hands in his pockets and the other had his hands to his side. S.O.F. 48. Neither man obeyed Officer McNeal's initial order to "Get on the ground", so he repeated his command approximately five seconds later. S.O.F. 49. As Officer McNeal repeated his command to "Get on the ground" he took a step towards the men and stumbled, accidentally discharging his weapon into the abdomen of one of the individuals. S.O.F. 50. Medical treatment was immediately called for Mr. Lee. S.O.F. 52. A supervisor was called and a report was made regarding the accidental shooting. S.O.F. 53. The Illinois State Police Public Integrity Unit also investigated and the incident was ruled an accidental shooting. S.O.F. 54. McNeal had never an incident before where his gun discharged and someone was injured. S.O.F. 55.

LEE seeks recovery from Dolton in Count II of his Complaint based on allegations of failure to train and supervise of McNeal, the officer who purportedly battered LEE. LEE makes

identical allegations against McNeal in Count III, V, VI, VII and argues that McNeal's conduct amounts to willful and wanton misconduct.

**I.  McNeal is entitled to Qualified Immunity as it has not been authoritatively decided that having a weapon drawn for officer safety is a constitutional violation.**

Before a defendant may be held liable under 42 U.S.C. §1983, that defendant must first possess power by virtue of state law, then misuse that power in a way that violates federal constitutional rights. *Christian v. Belcher*, 888 F.2d 410, 414, see also *Soldal v. Cook County, Ill.*, 506 U.S. 56,113 S.Ct. 538, 543 n. 6, 121 L.Ed.2d 450 (1992); *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, overruled on other grounds, *Monell v. Dept of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the United States Supreme Court has stated, "[i]t is firmly established that a defendant is a §1983 suit acts under color of state law when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988), (citing Monroe, 365 U.S. at 172, 81 S.Ct. at 476). A government official's discretionary abuse of power which goes beyond the scope of his or her authority will usually have been performed under the color of state law for purposes of §1983 liability.  Of course, every official abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation. *Carter v. Buscher*, 973 F.2d 1328, 1332, (7th Cir. 1992). Some such conduct may simply violate state tort law or indeed made be perfectly legal, though unseemly and reprehensible. *Id.*

The United States Supreme Court, in a broad reading of qualified immunity, has emphasized that in order to defeat a public official's claim to qualified immunity; the law must have been clearly established in relation to the specific facts confronting the public official at the time he or she acted. *Anderson v. Creighton*, 483 U.S. 635, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987); *Hunter v. Bryant*, 502 U.S. 224, 116 L.Ed.2d 589, 112 S.Ct. 534 (1991). The contours of the right an official is alleged to have violated "must be sufficiently clear such that a reasonable official would understand that what he is doing violates that right." *Bakalis v. Golembeski*, 35 F.3d 318, 323 (7th Cir. 1994), quoting *Anderson, supra*, 107 S.Ct. at 3039.  Therefore, public officials are entitled to qualified immunity unless "it has been authoritatively decided that certain conduct is forbidden." *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 875 (7th Cir. 1987).

4

The United States Supreme Court has set forth a two-part analysis when reviewing qualified immunity defenses in excessive force cases. First, based on the facts taken in the light most favorable to the plaintiff, did the officer's conduct violate a constitutional right? *Saucier v. Katz,* 533 U.S. 194, 150 L.Ed.2d 272, 121 S.Ct. 2151 (2001). If a constitutional violation has occurred, then the court must look at whether the officer could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right. *Id.* Courts should look to the particularized circumstances, not the general situation, when considering qualified immunity defenses. *Brosseau v. Haugen,* 543 U.S. 194, 160 L.Ed.2d 583, 125 S.Ct. 596 (2004). If the particular facts fall within the hazy border between proper and improper, then qualified immunity does not apply. *Id.* Qualified immunity "gives public officials the benefit of legal doubt," *Elliott v Thomas,* 937 F.2d 338, 341 (7th Cir. 1991), by relieving them from having to decide, at their financial peril, how judges will decide future cases. *Greenberg v. Kmetko,* 922 F.2d 382, 385 (7th Cir. 1991).

In the 4th Amendment it is not enough that a plaintiff establishes that the defendant's use of power was under the local state law. To defeat qualified immunity, the plaintiff must show that the defendant had notice that the manner in which the power was used had been previously proscribed, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id. Anderson v. Creighton* at 639-640.

Plaintiff names Officer McNeal in his individual capacity. To hold this defendant individually liable for a civil rights violation, Plaintiff must show some personal involvement in the constitutional violation. Personal involvement necessary to impose individual liability includes situations where: (1) the defendant directly participated in the infraction; (2) the defendant failed to remedy the wrong after learning of the constitutional violation; (3) the defendant created the policy or custom under which the unconstitutional practice occurred or allowed such custom or policy to continue, or (4) the defendant was grossly negligent in managing subordinates who caused the unlawful event. *Hilderbrandt v. Illinois Dept. of Natural Resources,* 347 F.3d 1014, 1039 (7th Cir. 2003).

Applying these standards to the case at bar, the Plaintiff has failed to demonstrate that the defendant directly participated in any infraction. Rather, the individual named and all involved have determined it was an accident. S.O.F. 50, 53. In addition, Plaintiffs have failed to

demonstrate that the defendant did not remedy a wrong after learning of its constitutional violation. S.O.F. 51, 52, 53. The Complaint is silent as to any knowledge on behalf of the officer that there was a constitutional violation. Finally, Plaintiffs failed to allege that defendants conduct was such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. S.O.F. 13, 14. In fact the evidence in this case is that it was reasonable for an officer who was responding to the fleeing of individuals in a known drug area to have his weapon drawn for officer safety. S.O.F. 5, 13, 14, 26. It is not even remotely clear that a reasonable officer would know that by entering a dark gangway where suspects had previously fled that his conduct would be considered unlawful. S.O.F. 39, 40, 41, 42, 43.

Plaintiff alleges that the officer should have been aware there was a danger.(Ex 1 Plaintiffs Complt. ¶ 27(c).) It is not enough that there was a danger of which officer should have been aware, rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 526 (7th Cir. 2000). In other words, the defendant must be aware of the significant likelihood that his weapon would accidentally discharge because he stumbled and must fail to take reasonable steps to prevent the accident from occurring. Liability cannot attach where the defendants were not alerted to the likelihood that an accident would occur. *Boncher ex. Rel. Boncher v. Brown County*, 272 F.3d 484, 488 (7th Cir. 2001). Because no facts exists that meet this standard, summary judgment must be granted. McNeal had never had an incident before where his gun discharged and someone was shot. S.O.F.54. Therefore, summary judgment must be granted on the basis of qualified immunity.

**II.    Excessive Force fails as there were no violations pursuant to the 4th Amendment or the 14th Amendment.**

McNeal is further entitled to summary judgment because, after construing the undisputed facts in the light most favorable to Plaintiffs, it cannot be concluded that anything McNeal did deprived Plaintiff of a constitutional right. Liability under 42 U.S.C §1983 requires that there be a deprivation of a constitutional right. 42 U.S.C §1983. Determining whether a particular search or seizure is reasonable under the Fourth Amendment "requires a careful balancing of the nature and intrusion on the individual's Fourth Amendment interests against the countervailing government interests at state." *Johnson v. Larabida Childrens' Hospital*, 372 F.3d 894, 898. *Scott v. Harris*, 127 S. Ct. 1769 (2007). "What is reasonable depends upon the particulars of a

given case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* What is reasonable must be judged from the perspective of a reasonable officer on the scene. *Id. Furthermore the U.S. Supreme Court has held* Law enforcement officer, whose automobile chase of speeding driver caused crash that resulted in driver's quadriplegia, held not to have used excessive force resulting in unreasonable seizure under Federal Constitution's Fourth Amendment. *Scott v. Harris*, 127 S. Ct. 1769 (2007).

The Fourteenth Amendment does not afford a cause of action for police negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 747 U.S. 344, 348 (1986). Further, the U.S. Supreme Court has recognized that even an intermediate level of fault, such as recklessness, is not enough to impose constitutional liability. The United States Supreme Court has held that

> [f]ar from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

*Daniels v. Williams*, at 327. Further, where a government official's act causing injury to life, liberty, or property is merely negligent "no procedure for compensation is *constitutionally* granted." *Id.* at 328 (citing *Parratt v. Taylor*, 451 U.S. 527, 548 (1981).

In the case at hand, it is undisputed that McNeal was responding to the scene of a known drug area and previous shots fired area. S.O.F. 35, 36. Specifically the 14928 Evers address had been the subject of previous known drug activity. S.O.F. 36. Upon the arrival approximately five to eight individuals fled the scene down a gangway between the houses leading to the alley. S.O.F. 38. The officer while entering the gangway with his weapon drawn stumbled and accidentally discharged his weapon into the Plaintiff. S.O.F. 50. Officer McNeal's conduct was merely accidental. Therefore, summary judgment as to the excessive force claim should be granted.

**III.    The Village Of Dolton Is Entitled To Summary Judgment On Allegations Of Negligent Training And Supervision Because There Is No Evidence That McNeal's Training Or Supervision Was Lacking, Nor Is There Any Evidence That Negligent Training Or Supervision Was The Proximate Cause Of Lee's Alleged Injuries**

In order to state a claim against the Village of Dolton for alleged failure to train and supervise as to the use of Excessive force, the Plaintiff must show (1) that McNeal violated his constitutional rights, (2) that the Village of Dolton has a policy that reflects a deliberate indifference to the risk that it would cause a constitutional violation; and (3) that the Village's policy caused the alleged injury. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Glinski v. City of Chicago*, 2001 US. Dist. LEXIS 20324, *8 (N.D. Ill. Dec. 7, 2001).

**(a)  There Was No Constitutional Violation**

As an initial matter, as discussed above, because the Plaintiff cannot demonstrate that he suffered a constitutional violation at the hands of McNeal, then the Plaintiff has no cause of action against Dolton under § 1983. *See Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998). *Thompson v. Boggs*, 33 F.3d 847 (7th Cir. 1994), *Los Angeles v. Heller*, 475 U.S. 796, 89 L.Ed.2d 806, 106 S.Ct. 1571 (1986). As discussed above, McNeal had accidentally discharged his weapon. S.O.F. 50, 52, 53. Accordingly, if the Court determines that McNeal committed no constitutional violation, the Plaintiff's claims for municipal liability must also fail.

**(b)  No Policy Reflecting Deliberate Indifference**

Moreover, even if the Court determines that there was a constitutional violation that occurred, the Plaintiff has not shown any municipal policy which reflects a deliberate indifference to the risk that it would cause a constitutional violation.

The Plaintiff appears to claim one of several practices was so widespread as to give rise to municipal liability.  Specifically, the complaint identifies three alleged practices:  (1) the Village failed to adequately train, supervise or control its officers, (2) it failed to supervise regarding use of excessive force, (3) it can be inferred by the obviousness of the facts the alleged failure to train as to use of force.  Plaintiff cannot point to any fact adduced during discovery that would support these propositions.

In fact, the Village of Dolton Police Department does have a specific general order No. 94-18 that outlines the guidelines for officers on the "Use of Force." S.O.F. 3, 4, 6, 8, 20, 21, 22,

23, 28, 29, 30, 32. Dolton Officers are required to recertify with their service weapon each year. S.O.F. 6, 7, 29, 30. Officer McNeal was within those guidelines. S.O.F. 9, 10, 11, 12, 17, 18. An officer may draw his handgun when his life or the lives of others are in danger. S.O.F. 5, 13. Furthermore, an officer may make his own determination as to when they believe their or another's safety is at risk and it is appropriate to draw their weapon. S.O.F. 14, 19, 24, 25. Officer McNeal prepared a report in writing as to circumstances surrounding the accident. S.O.F. 15, 31.

However, because the Plaintiff has no evidence suggesting the existence of any such practice or policy, let alone demonstrating that it amounted to deliberate indifference by officer McNeal, the Village of Dolton is entitled to summary judgment on the *Monell* claim contained in Count II.

**(c) Lack of Causation**

Even if the Plaintiff could somehow demonstrate that any of the alleged practices existed and amounted to deliberate indifference to constitutional violations, he fails to show any causal connection between these alleged practices and his alleged injury. The Supreme Court has held that to show that a municipal policy has caused a constitutional violation, an "affirmative link" must be proven between the policy and the specific constitutional violation. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). Simply stated, the Plaintiff has not produced any evidence to support the theory that the Village of Dolton's alleged policies "engenders unconstitutional behavior by [its] officers." *Robles v. City of Fort Wayne,* 113 F.3d 732, 736-37 (7th Cir. 1997).

Accordingly, because the Plaintiff has no evidence demonstrating a causal connection between the alleged policies and the alleged injury, summary judgment must be granted.

**IV.    No Part Of McNeal's Conduct Can Be Characterized as Willful And Wanton Misconduct - Therefore Officer McNeal Is Entitled Immunity pursuant to the "Tort Immunity Act"**

Pursuant to Section 2-202 of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-101 *et. seq.* (the "Act"), a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. Under Section 2-109 of the Act, a local public entity is not liable for any injury resulting from an act or omission of its employee for which the employee is not liable. The Act defines willful and wanton conduct as "a course of action which shows an actual

or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210.

Plaintiff concedes that Defendant was a police officer acting within the scope of his employment with the Dolton Police Department. S.O.F. 2. As police officers, Defendants are granted special protection while effectuating the arrest of a suspect. "A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. **He is justified in the use of any force which he reasonably believes to be necessary to effectuate the arrest or any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest.**" 720 ILCS 5/7-5 (emphasis added). Although part of the Criminal Code, 720 ILCS 5/7-5 has been applied where police officers are faced with civil liability for battery in effectuating arrests. *LaMonte v. City of Belleville*, 41 Ill. App. 3d 697, 703-704, 355 N.E.2d 70 (5th Dist. 1976). It is clear from the facts of this case that Defendants were using only that force necessary to effectuate the safety of a police officer when entering a known drug area where shots had been previously fired and having been dispatched on a call for drug activity where McNeal reasonably believed it necessary to defend himself by having his weapon drawn. Therefore, Defendants are entitled to summary judgment.

Additionally, the Court stated that "[a] public employee is immune from liability while enforcing the law unless their acts are willful and wanton." *Id.* (citing 745 ILCS 10/2-202). Finally, the court stated that "[c]onduct is willful and wanton when it 'shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property.'" *Id.* (citing 745 ILCS 10/1-210).

It is undisputed that a municipality and its police officers owe a duty to preserve the community's well being, and this duty is owed to the public at large. *Wade v. City of Chicago*, 364 Ill.App.3d 773, 780, 847 N.E.2d 631, 301 Ill. Dec. 621 (1st Dist., 2006). Accordingly, an individual cannot recover from negligence; a plaintiff cannot prevail unless he can prove that Dolton's conduct was willful and wanton and a proximate cause of his injuries. *Wade v. City of Chicago*, 364 Ill.App.3d 773, 780.

The officer entered a known drug area where there were five to eight individuals who fled the area upon the arrival of the officers. S.O.F. 38. McNeal entered a dark gangway with his

weapon drawn and saw two suspects approaching him. S.O.F. 42, 43-48. He gave an order to go down on the ground. S.O.F. 47; the suspects continued to approach the officer. S.O.F. 49. McNeal stumbled and accidentally discharged his weapon striking the plaintiff in the abdomen. S.O.F. 50. The course of action was not an act of willful and wanton conduct. At best, the accidental shooting S.O.F. 52, 53 may yield a negligence claim, however, that is the type of conduct, for which the Tort Immunity Act provides immunity. As a result, the Tort Immunity Act requires summary judgment to be granted in favor of Defendants as to the Willful and Wanton claims.

Specifically, the record is devoid of any evidence supporting the allegation that the McNeal acted *intentionally,* with *utter indifference* or *conscious disregard* for the Plaintiff's safety. Because no facts exists that meet this standard, summary judgment must be granted.

**V.     There Exists No Evidence That Establishes Defendant's Actions Constituted A Battery or Assault; Thus, Defendant, McNeal is Entitled To Summary Judgment.**

Officer, McNeal should be granted summary judgment because Plaintiff's factual account of the occurrence does not support a claim for battery or assault in light of the statutory protections that police officers have against such causes of action. Furthermore, it is clear from all the factual evidence that the Defendant was justified in his actions during the encounter with Plaintiff and the intentional requirement for both counts is devoid in the matter.

Battery in Illinois "A battery occurs when one '**intentionally or knowingly without legal justification** and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737 (7th Cir. 2001) (emphasis added). In this case, Plaintiff must do more than just allege that the acts of the officer were negligent Plaintiff must present some facts to support the elements of his claim that Defendants' actions were intentional. "A police officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. **He is justified in the use of any force which he reasonably believes to be necessary** to effectuate the arrest **or any force which he reasonably believes to be necessary to defend himself** or another from bodily harm while making the arrest." 720 ILCS 5/7-5 (emphasis added).

11

An assault is an intentional overt act directed at another that intentionally causes reasonable apprehension of imminent harmful or offensive contact, along with an apparent or present ability to carry it out. *McNeil v. Carter*, 318 Ill. App. 3d 939, 944, 742 N.E.2d 1277 (3rd Dist. 2001). An assault is generally the <u>fear</u> of an imminent harmful contact. *Parrish By Bowker v. Donahue*, 110 Ill. App. 3d 1081,1083, 443 N.E.2d 786 (3d Dist. 1982).

In the case at bar, the Plaintiff admits that he saw the police officer and heard him give an order of freeze. S.O.F. 39   He never saw the weapon nor did the officer intentionally create an overt act that caused the Plaintiff to have an apprehension of harmful or offensive contact. S.O.F. 55.

Plaintiff cannot present any evidence that Defendants' actions were not justified.  The only basis for arguing the Defendants' actions were not justified is arguing that the officer was not allowed to have his weapon drawn for his own safety in a known drug area where previous shots have been known to be fired; however, the lawfulness of the arrest is not an issue because there was no arrest or seizure.  Since Plaintiff cannot set forth any evidence that Defendants' were unjustified, this court must grant summary judgment.

McNeal gave the order down on the ground S.O.F. 47, 49 and the Plaintiff continued to walk toward McNeal S.O.F. 48, then McNeal stumbles and accidentally discharges his weapon. S.O.F. 50.  It is clear that McNeal accidentally tripped, therefore negating the intent to use force. S.O.F. 50, 52, 53. The officer was in pursuit of a person fleeing into a dark gangway at the scene of a known drug area, S.O.F. 39, 40, 42 the officer only used what force was necessary to effectuate the safety of the officers and of the individuals involved. S.O.F. 13, 14, 43, Therefore, Officer McNeal should be granted summary judgment.

## VI.    Count VII Punitive Damages should not be allowed and the Court Should Not Exercise Supplemental Jurisdiction in the Absence of a Pending Federal Claim

The only potentially viable claim is the Negligence claim against Officer McNeal – Count IV.  This case should be transferred to the State Court in the absence of a pending federal claim. 28 USC 1447.  Furthermore, the evidence is this case is devoid of any intent to cause harm as it pertains to McNeal.  Therefore, Officer McNeal should be granted summary judgment.

## VII.    CONCLUSION

For the foregoing reasons, the Defendants are entitled to summary judgment on Counts I,

II, III, V, VI and VII of the Plaintiff's Amended Complaint.

WHEREFORE, Defendants, Village of Dolton and Joseph McNeal, respectfully prays

that this Honorable Court enter an Order pursuant to Rule 56 of the Federal Rules of Civil

Procedure granting summary judgment in their favor and against Plaintiff. The Defendant finally

requests that this Court award Defendant attorney's fees, costs, and any other or additional relief

that this Court deems just, equitable or appropriate in the premises.


Respectfully submitted,

Village of Dolton and Joseph McNeal

By: /s/ Larry S. Kowalczyk, Esq.
One of Their Attorneys


Larry S. Kowalczyk, Esq. (# 6225367)
Mary E. McClellan, Esq.  (# 6283486)
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7544
Document #: 1341418