IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ALEXX LEE,

        Plaintiff,

vs.

JOSEPH MCNEAL, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS AN AGENT OF DOLTON
POLICE DEPARTMENT and VILLAGE OF DOLTON,
and VILLAGE OF DOLTON,

        Defendants.

) No. 07 C 6856
) Judge Der-Yeghiayan
) Magistrate Judge Denlow

## COMBINED MOTION TO PROCEED WITH FURTHER DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff Alexx Lee, by and through his attorneys CHADWICK & LAKERDAS, and in support of his Combined Motion To Proceed With Further Discovery And Extension Of Time To Respond To Defendants' Motion For Summary Judgment, states the following:

1. Plaintiff filed his Complaint regarding a shooting that happened on July 10, 2007.

2. Plaintiff alleges in his Complaint that on July 10, 2007 he was outside a residence at 14928 Evers in the Village of Dolton. He alleges that he was unarmed at the time of the shooting. He alleges that Officer McNeal discharged his weapon, striking him in the abdomen.

3. After filing the Complaint, numerous depositions were taken including the depositions of Plaintiff and Defendant Joseph McNeal.

4. On July 25, 2008, Defendants filed a motion for summary judgment essentially arguing that Defendant McNeal is entitled to qualified immunity, there is no evidence of faulty supervision or training by the Dolton Police Department or the Village of Dolton, there is lack of evidence that any act or omission by the Dolton Police Department or Village of Dolton caused the shooting of July 10, 2007, that Defendant McNeal is entitled to immunity under 745 ILCS 10/2-101 *et. seq.*, and that McNeal committed no battery.

5. Federal Rule of Civil Procedure 56 allows for further discovery to respond to motions for summary judgment.

(e) **Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
(f) **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Federal Rule Of Civil Procedure 56.

6. Defendant attached an affidavit of Guy Lindsay in which Lindsay swears and affirms that Village of Dolton Police Department General Order #94-18

(hereinafter referred to as Order #94-18) is true and accurate. The Order #94-18 is signed by Chief David Walker. Plaintiff's counsel opines it is necessary to take the deposition of Lindsay and Walker and re-depose Defendant McNeal. Order #94-18 requires that an officer use an approved and registered on duty weapon. A fast or safe action Glock is an approved on duty weapon according to Order #94-18. Order #94-18 also requires that the officer have training regarding the use of the specific approved on duty weapon that the officer chooses. The training shall be graded on a pass fail basis. Defendant McNeal must be re-deposed after the depositions of Lindsay (police department investigator who provided affidavit that Order #94-18 is true and accurate) and Chief David Walker (officer who signed Order #94-18) to inquire of McNeal whether he complied with his training, certifications, and Order #94-18.

7. There were also other persons present at the scene on July 10, 2007 who may have witnessed the shooting. The persons present but no yet deposed are Lamont Sean Thompson, Clarence Barnes, and David Nobles.

8. Plaintiff has not yet deposed the Illinois State Police Public Investigation Unit that conducted an investigation of the shooting.

WHEREFORE, Plaintiff requests that this Honorable Court grant Plaintiff's Combined Motion To Proceed With Further Discovery And Extension Of Time To Respond To Defendants' Motion For Summary Judgment, allow Plaintiff 60 days to complete the additional discovery, and allow 30 days therefrom to respond to Defendants' Motion For Summary Judgment.

by: /s/ Michael G. Kelly
_____

(hereinafter referred to as Order #94-18) is true and accurate.  The Order #94-18 is signed by Chief David Walker.  Plaintiff's counsel opines it is necessary to take the deposition of Lindsay and Walker and re-depose Defendant McNeal.  Order #94-18 requires that an officer use an approved and registered on duty weapon.  A fast or safe action Glock is an approved on duty weapon according to Order #94-18.  Order #94-18 also requires that the officer have training regarding the use of the specific approved on duty weapon that the officer chooses.  The training shall be graded on a pass fail basis.  Defendant McNeal must be re-deposed after the depositions of Lindsay (police department investigator who provided affidavit that Order #94-18 is true and accurate) and Chief David Walker (officer who signed Order #94-18) to inquire of McNeal whether he complied with his training, certifications, and Order #94-18.

7. There were also other persons present at the scene on July 10, 2007 who may have witnessed the shooting.  The persons present but no yet deposed are Lamont Sean Thompson, Clarence Barnes, and David Nobles.

8. Plaintiff has not yet deposed the Illinois State Police Public Investigation Unit that conducted an investigation of the shooting.

WHEREFORE, Plaintiff requests that this Honorable Court grant Plaintiff's Combined Motion To Proceed With Further Discovery And Extension Of Time To Respond To Defendants' Motion For Summary Judgment, allow Plaintiff 60 days to complete the additional discovery, and allow 30 days therefrom to respond to Defendants' Motion For Summary Judgment.

by: /s/ Michael G. Kelly
_____