50253-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE,<br><br>          Plaintiff,<br><br>v.<br><br>JOSEPH McNEAL, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS AN AGENT OF DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON,<br><br>          Defendants. | No. 07 C 6856<br><br>Judge Der-Yeghiayan |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S COMBINED MOTION TO PROCEED WITH FURTHER DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, OFFICER JOSEPH MCNEAL and the VILLAGE OF DOLTON, by and through their attorneys, QUERREY & HARROW, LTD., and for their response to Plaintiff's Combined Motion to Proceed with Further Discovery and Extension of Time to Respond to Defendants' Motion for Summary Judgment, state as follows:

1. This matter involves a civil rights claim surrounding a shooting incident that occurred on July 10, 2007.

2. The parties exchanged written discovery and conducted significant oral discovery. On May 20, 2008, this Court entered a Minute Order, by which discovery was to be completed by June 20, 2008 and summary judgment was to be filed by July 25, 2008. (5/20/08 Min. Or., Document No. 22). On July 25, 2008, Defendants' timely filed their Motion for Summary Judgment in accordance with this Court's order.

3. On August 6, 2008, two days before his response in opposition to Defendants' Summary Judgment was due, Plaintiff filed this motion for additional discovery. As discussed

below, Plaintiff's motion does not comport with Federal Rule of Civil Procedure 56, nor was said motion filed in a timely manner. Said motion also fails to set forth good cause for any extension, as required by the Court's website procedures.

4. From the outset it must be noted that the affidavit of Guy Lindsay, which is the sole reason for Plaintiff's motion, only provided foundation as to the authenticity of various General Orders for the Village of Dolton Police Department that were previously produced months ago in discovery. Guy Lindsay's affidavit offers nothing else in the way of substantive evidence. Notably, the General Orders, which Plaintiff argues require a second deposition of Officer McNeal, have been in plaintiff's possession since April 1, 2008. (See Proof of Service and Defendant Village of Dolton's Answers to Plaintiff's Request for Production, Resp. No. 14).

5. Plaintiff had these documents prior to the deposition of Officer McNeal, which proceeded on June 2, 2008. There is no plausible explanation why these topics could not have been broached during that deposition. In fact, plaintiff did inquire on the topics of Defendant's service weapon and training during McNeal's deposition. Plaintiff cannot, in good faith, argue he was surprised that the General Orders were incorporated into the Summary Judgment, since it was his *Monell* claims that brought said policies under judicial scrutiny. Plaintiff had ample opportunity to ask Officer McNeal whether his duty weapon was approved by the department, whether he was trained for that specific duty weapon, and whether McNeal complied with his training requirements for the police department.

6. Plaintiff seeks relief under Federal Rule of Civil Procedure 56(f), which states in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit

> affidavits to be obtained or depositions to be taken or discovery to
> be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

However, relief under this rule does not come automatically. In *Korf v. Ball State University*, 726 F.2d 1222 (7th Cir. 1984), the court noted that,

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating *why he cannot respond to movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.*

*Korf*, 726 F.2d at 1230 (emphasis in original); *see also United States v. On Leong Chinese Merchants Association Building*, 918 F.2d 1289, 1295 (7th Cir. 1990), *cert. denied*, 502 U.S. 809, 116 L. Ed. 2d 29, 112 S. Ct. 52 (1991) (finding that "claimant failed to specify any information it could produce by deposing either adverse witnesses or witnesses under its control. Similarly claimant did not demonstrate that it would discover facts sufficient to rebut the government's showing of probable cause. Under these circumstances, the District Court did not abuse its discretion in refusing claimant's Rule 56(f) motion.").

7. In *Kaufman v. McCaughtry*, 419 F.3d 678, * 686 (7th Cir. 2004), the Seventh Circuit found that the District Court did not abuse its discretion when it denied the plaintiff's motion for additional discovery under Fed. R. Civ. Proc. 56(f) because the plaintiff "never explained what additional information he believed was necessary, and he never submitted an affidavit to the district court asserting that he would be unable to oppose the defendants' motion for summary judgment without additional discovery." *See Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000)(stating that the plaintiff did not file an affidavit outlining his reasons for

needing further discovery as contemplated by Rule 56(f), which alone justified the affirmance of the district court's decision), *citing Wallace v. Tilley,* 41 F.3d 296, 302-03 (7th Cir. 1994) (holding that the Court was precluded from considering whether the District Court had abused its discretion in ruling on defendant's summary judgment motion before allowing plaintiff to conduct requested discovery where the plaintiff had not filed an affidavit pursuant to Rule 56(f)).

8. In this case Plaintiff did not attach the required affidavit in support of the motion for additional discovery, which is a basis to deny this motion. Furthermore, the motion lacks any substance that would give Defendants and this Court any insight into what material issue of fact would be drawn into question by the deposition of Guy Lindsay. Based on the limited scope of the affidavit in question, one can only assume that Plaintiff could only attack the authenticity of the General Orders, which is not a basis to reopen discovery as Plaintiff contemplates. Lastly, Plaintiff provides no explanation why these subject matters were not previously addressed at any prior deposition or why Plaintiff did not previously request, for example, a 30(b)(6) witness from the Dolton Police Department to discuss the policies after they were produced in April of 2008. Based on Plaintiff's failure to comply with Fed. R. Civ. Proc. 56(f), this motion should be denied.

9. Additionally, Plaintiff has surreptitiously asked this Court to re-open oral discovery in order to take the depositions of Lamon Sean Thompson, Clarence Barnes, and David Nobles by cloaking this request as a Rule 56(f) motion. Oddly enough, Plaintiff disclosed Thompson in May 2008 and Defendants disclosed Barnes and Noble on March 14, 2008 with their Initial Rule 26(a) Disclosures, so there is no surprise to Plaintiff. Plaintiff also states that he "has not yet deposed the Illinois State Police Public Investigation Unit that conducted an investigation of the shooting." (Plaintiff's Motion, ¶ 8). However, Fed. R. Civ. Proc. 56(f) is not

a reset button, by which parties can choose to press when, in retrospect, they have not thoroughly litigated the matter during the allotted period of time for discovery. In this case that is exactly what Plaintiff is trying to accomplish.

10. There is no plausible connection between Mr. Lindsay's purely foundational affidavit and the depositions of the three purported occurrence witnesses and the Illinois State Police Unit (Plaintiff has failed to designate the ISP investigator that he would like to depose), nor is one offered by Plaintiff. Therefore, Plaintiff's request to depose these four additional witnesses should be denied, as well.

WHEREFORE, Defendants OFFICER JOSEPH McNEAL and the VILLAGE OF DOLTON, respectfully request this Honorable Court to deny Plaintiff's Combined Motion to Proceed with Further Discovery and Extension of Time to Respond to Defendants' Motion for Summary Judgment in its entirety and for any other relief the Court deems proper.

Respectfully submitted:  
OFFICER JOSEPH McNEAL and  
VILLAGE OF DOLTON  

By:   /s/ Larry S. Kowalczyk  
        One of its attorneys

Larry S. Kowalczyk #06225367  
Querrey & Harrow, Ltd.  
175 West Jackson, Suite 1600  
Chicago, IL  60604  
Phone: (312) 540-7000  
Fax: (312) 540-0578

Document #: 1348869