## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6856 | **DATE** | 8/12/2008 |
| **CASE TITLE** | Alexx Lee vs. Joeph McNeal , et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for extension of time to respond to discovery [31] is denied. We will however, grant Plaintiff a limited extension of time to respond to the Defendants' motion for summary judgment by August 18, 2008. Defendants' reply, if any, should be filed by August 25, 2008. The status hearing is reset to October 29, 2008 at 9:00 a.m. The status hearing set for September 24, 2008 is stricken.

■[ For further details see text below.]  Docketing to mail notices.

### STATEMENT

This matter is before the court on Plaintiff Alexx Lee's ("Lee") motion to proceed with further discovery and for extension of time to respond to Defendants' motion for summary judgment. On February 5, 2008, this court set a deadline for all discovery to be completed in this case by June 6, 2008. On May 20, 2008, the court granted a motion to extend the discovery deadline to June 20, 2008. The court set a deadline for dispositive motions to be filed by July 25, 2008 and responses to dispositive motions to be filed by August 8, 2008. On July 25, 2008, Defendants filed a timely motion for summary judgment. Lee has noticed the instant motion for August 12, 2008, which is four days after his response to the motion for summary judgment is due and nearly two months after the close of all discovery. Lee now requests that this court allow Lee time to conduct "additional discovery" for a period of sixty days and allow an additional thirty days after the close of additional discovery for Lee to respond to Defendants' motion for summary judgment. (Mot. 3).

As the basis for his motion, Lee relies on Federal Rule of Civil Procedure 56(f) ("Rule 56(f)"), which provides that "[i]f a party opposing [summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a

**STATEMENT**

continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). Lee states that he needs additional discovery to respond to the affidavit of Guy Lindsay ("Lindsay Affidavit") submitted by Defendants in support of their motion for summary judgment that provides a foundation for the authenticity of various other documents submitted by Defendants in support of their motion for summary judgment. Lee does not contend that the actual substantive evidence that is authenticated by the Lindsay Affidavit was not produced by Defendants during discovery and Defendants state that these documents have been in Lee's possession since April 1, 2008. Citing the Lindsay Affidavit, Lee argues that he needs to depose Guy Lindsay, Chief David Walker, and three other witnesses to the alleged tort. Lee also states that he needs to re-depose Defendant Joseph McNeal. However, Lee has not provided specified reasons for why he is unable to respond to the motion for summary judgment and for why he was unable to conduct this discovery during the regular discovery period. Furthermore, Lee has not supported any of his contentions with an affidavit, which is required by Rule 56(f). Fed. R. Civ. P. 56(f).

    It is clear that Lee is utilizing Defendants' summary judgment motion and Rule 56(f) as a means of reopening the discovery period to conduct discovery that he failed to complete. Lee did not file any motions for an extension of the discovery period prior to the expiration of discovery and has now waited nearly two months after the close of discovery to bring the instant motion. Therefore, since Lee has failed to bring its motion in a timely manner and he has failed to comply with the requirements set out in Rule 56(f), we deny Lee's motion for additional discovery. We will grant Lee a limited extension of time to respond to the Defendants' motion for summary judgment by August 18, 2008. Defendants' reply, if any, should be filed by August 25, 2008. The status hearing is reset to October 29, 2008 at 9:00 a.m. The status hearing set for September 24, 2008 is stricken.