Atty. No. 50253 LSK

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE, | ) |
| Plaintiff, | ) Case No.: 07 C 6856 |
| vs. | ) Judge Der-Yeghiayan |
| JOSEPH McNEAL, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS AN AGENT OF DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON, | ) Magistrate Judge Denlow |
| Defendants. | ) |

**Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts Mistakenly Cited As Undisputed Facts, In Support Of Their Motion For Summary Judgment**

<u>Parties, Jurisdiction and Venue</u>

1. Plaintiff agrees with Defendant's paragraph 1
2. Plaintiff agrees with Defendant's paragraph 2.
3. Plaintiff agrees with Defendant's paragraph 3.
4. Plaintiff agrees with Defendant's paragraph 4.

<u>Firearms Training and Certification</u>

5. Plaintiff agrees that Officer Coleman stated that it is allowable for an officer to

~ 1 ~

draw his firearm when there is a possible threat to officer's safety but, denies that Officer Frasure states that it is allowable to draw ones firearm for a "possible" threat of officer safety (Deposition of Detective John Frasure p. 32-33).

6. Plaintiff agrees with Defendant's paragraph 6.

7. Plaintiff agrees with Defendant's paragraph 7.

8. Plaintiff agrees with Defendant's paragraph 8.

9. Plaintiff agrees with Defendant's paragraph 9.

10. Plaintiffs agrees that McNeal had trained/certified in the use of his service weapon, a glock, "as far back as the police academy in 2002," but disagrees that he was very familiar with that weapon. McNeal states that the glock has no safety (deposition of Joseph McNeal/p. 36 line 24). However, there is a trigger safety on the glock (Officer Timothy McPherson deposition p. 26 line 16 to p. 27 line 16).

11. Plaintiff agrees with Defendant's paragraph 11.

### Display and Use of Fire Arms Dolton Police Department

12. Plaintiff agrees with Defendant's paragraph 12.

13. Plaintiff agrees with Defendant's paragraph 13.

14. Plaintiff agrees that Detective Coleman stated that an officer is to make his own determination as to when it is appropriate to draw a weapon but, denies that General Order #94-18 Use of Force page 1 states that. Page 1 of order # 94-18 states the parameter for use of deadly force. It states police are authorized to

~ 2 ~

fire their weapons in order to protect the police officer or others for what is reasonably believed to be an immediate threat of death or serious injury. Page 2 #4 states that police officers shall adhere to the following restriction when their weapon is exhibited;

    a.    **"Police shall not draw or exhibit their fire arms unless circumstances create reasonable cause to believe that it may be necessary to use the weapon in conformance with this policy"**

15. Plaintiff agrees with Defendant's paragraph 15.

16. Plaintiff agrees with Defendant's paragraph 16.

17. Plaintiff agrees with Defendant's paragraph 17.

18. Plaintiff agrees with Defendant's paragraph 18.

19. Plaintiff denies officers are allowed to use their own discretion on how to use a drawn weapon. Rather Officers must comply with General Order # 90-18 Use of Force; (Use of Force-Dolton Police Department Order # 90-18).

20. Plaintiff denies that Detective Major Coleman's deposition p. 10-11 states that officers are trained on the appropriate use of force. (Coleman's deposition p. 10-11). Plaintiff denies that Defendant's Exhibit "g" rules and regulations. 2.17 states that officers are trained in the use of force (rules and regulations 2.17 professional image or 2.18 use of force).

21. Plaintiff denies that General Order #94-18, Use of Force, has anything to do with training, as they are merely a list of guidelines. (General Order # 94-18 Use of Force).

22. Plaintiff denies that any of the Defendant's exhibits mention anything about what Dolton Police Department training includes, (Exhibit 4, Deposition of Detective John Frasure, p. 23-24, 32, Exhibit 8, Deposition of Detective Anthony Bankhead, p. 28, Exhibit 6, Deposition of Detective Major Coleman, p. 10-11, Exhibit 7, Deposition of Officer Marlon Harris, pp. 9-10, Exhibit 5, General Order #94-18, Use of Force).

23. Plaintiff denies that any of Defendant's exhibits mention anything about what Dolton Police Department training includes. (Exhibit 4, Deposition of Detective John Frasure, p. 23-24, 32, Exhibit 8, Deposition of Detective Anthony Bankhead, p. 28, Exhibit 6, Deposition of Detective Major Coleman, p. 10-11, Exhibit 7, Deposition of Officer Marlon Harris, pp. 9-10, Exhibit 5, General Order #94-18, Use of Force).

24. Plaintiff objects to Defendants paragraph # 24, as it is too vague to answer. It discusses a "policy" but fails to include what policy they are referring to. Without waiving said objections Plaintiff agrees that the police officers actions must conform to General Order #94-18; Use of Force.

25. Plaintiff denies that Defendant's paragraph number 25, in that Detective Frasure's deposition pp 32-33, does not discuss Dolton Police Department training. (Deposition of Officer Frasure pp 32-33) 26. Plaintiff agrees that Officer Frasure testified that it is reasonable for an officer to draw his weapon when going into an area that is a known drug activity and gun activity area. (Deposition of Detective Frasure pp. 32-33).

~4~

27. Plaintiff agrees with Defendant's paragraph 27.

28. Plaintiff agrees with Defendant's paragraph 28.

29. Plaintiff agrees with Defendant's paragraph 29.

30. Plaintiff agrees with Defendant's paragraph 30.

31. Plaintiff agrees with Defendant's paragraph 31.

32. Plaintiff agrees with Defendant's paragraph 32.

<u>Incident of July 10, 2007</u>

33. Plaintiff agrees with Defendant's paragraph 33.

34. Plaintiff agrees with Defendant's paragraph 33.

35. Plaintiff denies Defendants paragraph 35, as the actual call from dispatch reported that there was possible drug activity at 149 Evers outside a vacant house (track 5 of C.D. of Dolton Police recording of dispatch call on July 10, 2007). The responding officer then radioed the station asking for an exact address and the response from dispatch was that there was no exact street number but that the drug activity was occurring in front of a vacant house (track 18 of C.D. of Dolton Police recording of dispatch call on July 10, 2007).

36. Plaintiff denies Defendant's paragraph 36 in that Harris deposition p. 39 and 47 states nothing about drug activity at 14928 Evers (Harris deposition p. 39 and 47); that officer Bankhead deposition p. 22 states nothing about drug activity at 14928 Evers (Bankhead deposition p. 22). (Exhibit 7, Deposition of Officer Marlon Harris, p. 39, 47, Exhibit 8, Deposition of Detective Anthony Bankhead, p. 22, Exhibit 4, Deposition of Officer John Frasure, p. 32, Exhibit 6, Deposition of Detective Major Coleman, pp. 15).

~ 5 ~

37. Plaintiff denies, Defendant's paragraph 37 as Officer Harris' deposition p. 39 & p. 47 did not discuss any gun activity (Harris deposition p.39 & p. 47). Also, Officer Frasure's testimony does not discuss "frequent gun activity at 149 & Evers." ((Deposition of Frasure p.32).

38. Plaintiff denies Defendants paragraph 38 as Detective McPherson states there was only one person on the porch and two people by the side of the house (McPherson deposition p.p 11 to 13).

39. Plaintiff denies Defendants paragraph 39 as Detective McPherson states that the 3 individuals nonchalantly walked towards the back of the house (McPherson deposition p. 12).

40. Plaintiff denies Defendants paragraph 40, as McNeal's deposition p 18 and 19 does not state anything about McNeal pursuing fleeing individuals (McNeal deposition p. 18 and 19).

41. Plaintiff agrees with Defendants paragraph 41

42. Plaintiff objects to Defendants paragraph 42, as it is vague and non-specific and cannot be answered in the form that it is in.

43. Plaintiff agrees that Defendant McNeal will testify that he saw two individuals walking towards him from five to seven feet away.

44. Plaintiff denies Defendants paragraph 44 as Plaintiff Alexx Lee testified that he did not see a flashlight or a service revolver. (Alex Lee deposition pp. 39-40).

45. Plaintiff that agrees that Defendant McNeal will testify in accordance with paragraph 45.

~ 6 ~

46. Plaintiff that agrees that Defendant McNeal will testify in accordance with paragraph 46.

47. Plaintiff denies Defendant paragraph 47 as Alexx Lee will testify McNeal only said, "freeze" (Alexx Lee deposition p. 39).

48. Plaintiff denies Defendant paragraph 48. As soon as McNeal said freeze he shot Alexx Lee (Lee deposition p. 40).

49. Plaintiff denies Defendant paragraph 49. As Defendant only said freeze (Lee deposition p.p. 39, 40).

50. Plaintiff agrees to Defendants paragraph 50.

51. Plaintiff denies in part and agrees in part to Defendant (Exhibit 3, Deposition of Officer Joseph McNeal, pp. 23, 38-39). Plaintiff denies Defendant McNeal ordered the men to get to the ground (A. Lee deposition p.p. 39, 40). Plaintiff has no knowledge as to whether McNeal stumbled, Plaintiff has no knowledge as to whether the shooting was an accident but Plaintiff agrees that a round was discharge and struck Alexx Lee.

52. Plaintiff agrees with Defendants paragraph 52.

53. Plaintiff denies Defendants paragraph 53 because neither McNeal at pp 27-28 or Frasure at p 19 state the shooting was accidental (McNeal deposition pp 27-28, Frasure deposition p. 19).

54. Plaintiff has no knowledge as to Defendants Paragraph 54 so neither admits or denies.

55. Plaintiff has no knowledge as to Defendants Paragraph 55 so neither admits or denies.

~ 7 ~

Respectfully Submitted,

/s/Michael G. Kelly on behalf of Sturgis E. Chadwick

Sturgis E. Chadwick, III