# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ALEXX LEE,

    Plaintiff,

v.

JOSEPH McNEAL, INDIVIDUALLY and IN HIS
OFFICIAL CAPACITY AS AN AGENT OF DOLTON
POLICE DEPARTMENT and VILLAGE OF DOLTON,
and VILLAGE OF Dolton

    Defendants.

)
)
)
)   No. 07 C 6856
)
)   Judge Der-Yeghiyan
)
)   Magistrate Judge Denlow
)
)

## PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF THEIR RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. That defendant Joseph McNeal violated General Order # 94-18 use of force policy when he drew his weapon when there was no immediate threat of death or serious bodily harm. (Exhibit #5 General Order # 94-18 and Exhbit #3 McNeal deposition p. 20).

2. That an anonymous citizen called the Dolton Police stating that individuals were selling drugs at 149th and Evers on the porch of a vacant house with no exact address given for said vacant house that the police dispatcher radioed the Dolton Police squad cars that there was possible drug activity at 149th & Evers outside a vacant house. That the responding officer asked for the exact address and dispatch did not have it. (Exhibit #3 McNeal deposition p. 15,

Exhibit #12 tract 2 and 5 of CD at Dolton Police Department recorder of dispatch calls for July 10, 2007).

3. That Alexx Lee was visiting his friends the Thompson's at 14928 Evers which was next door to a vacant house. (Exhibit # 2 Alexx Lee deposition p. 25 and Exhibit # 8 Bankhead deposition p. 27).

4. That Alexx Lee had been in the basement of 14928 Evers then stepped out the side door between 14928 Evers and the vacant house to smoke a cigarette took two steps toward the front of the house and was shot. (Exhibit # 2 Lee deposition p. 28, 30, 35).

5. The Alexx Lee was unarmed when he was shot, was not committing any crime, nor was he fleeing the police when he was shot. (Exhibit # 2 Lee deposition p. 30).

6. That defendant Joseph McNeal didn't draw his weapon until he saw Alexx Lee and his friend, Thompson. (Exhibit # 2 Lee deposition p. 44).

7. That Alexx Lee saw two plain clothed officers approaching, heard someone yell "freeze" and was putting his hands up when he was shot. (Exhibit # 2 Lee deposition p. 39, p. 47).

8. That Thompson was in front of Alexx Lee and saw an officer

pull his gun. (Exhibit #2 Alexx Lee deposition p. 44).

9. McNeal checked several gangways using his flashlight. His flashlight in his right hand and his glock in his left, (Exhibit #2 McNeal deposition p. 20, 21).

10. His flashlight did not work when he encountered Alexx Lee but worked afterwards. (Exhibit #2 McNeal deposition P. 21, 23, 27).

11. When McNeal encountered Alexx Lee five to seven feet from him he can only see two silhouettes and has no idea who they are, and his weapon fires. (Exhibit #2 McNeal deposition p. 22, 25, 27).

12. McNeal says he ordered Alexx Lee to get to the ground but Alexx Lee kept walking and McNeal says he stumbles with Alexx Lee two to three feet away from him. (Exhibit #. 2 McNeal deposition p.p. 26, 27).

13. That Alexx Lee's hands were empty when he was shot. (Exhibit # 2 Alexx Lee deposition p. 47).

14. That the original case report listed defendant Joseph McNeal as the victim, Alexx Lee as the offender, with the listed offense of battery, with the weapon being a handgun. The report further stated that the "victim" Joseph McNeal encountered several subjects who then fled, then there was a foot

chase, with foot chase ending with Joseph McNeal weapon discharging. That the report was authored by Officer Bankhead. If McNeal had been more specific about the shooting Bankhead would have put it in his report. (Exhibit # 8 Case report and Bankhead deposition p. 7, 15 and pp 33-34).

15. That said report was written at the scene after Officer Bankhead arrived there and spoke with Office McPhearson and Guess. Their narrative was further corroborated by defendant Joseph McNeal at the police station, and officers McPherson, Guess and McNeal. The report was finished at 3:30 a.m. on July 11, 2007. (Exhibit # 8 Bankhead deposition p. 13, 14, 33, 34).

16. That if Office Bankhead was told the shooting was accidental he would have put that in his report, but he does not recall McNeal telling him the shooting was accidental or that McNeal stumbled when his weapon discharged and didn't put it in his report. (Exhibit # 8 Bankhead deposition pp. 15, 16).

17. McNeal was at the scene of the shooting and in the immediate hours afterwards McNeal did not tell the only investigation officer that, the shooting was accidental, that his flash light malfunctioned when he drew his weapon, that one of the subjects had his hands in his pocket, or that he stumbled and that the stumbling caused him to fire his weapon. (Exhibit # 8 Bankhead deposition p. 14).

18. That McNeal and McPhearson were the first officers to arrive at the

Scene, and McPhearson saw only three people near 14928 S. Evers. When they arrived the three individuals walked toward the back of the house. (Exhibit # 10 McPhearson deposition p. 13, 17, 21).

19.  No drugs were found at the scene nor was anybody arrested. (Exhibit # 10 McPhearson deposition p. 14).

20.  Generally when McNeal rolls up on a group of kids who are doing something wrong they take off like a bat out of hell. (Exhibit #10 McPhearson deposition p. 20).

21.  That Officer Harris, part of the second team of officers to respond to the initial call of drug activity, arrived at the scene and exited his vehicle and did not draw his weapon. (Exhibit # 7 Harris deposition p. 20).

22.  Officer Guess didn't unholster his weapon when he arrived on the scene of the possible drug activity. (Exhibit # 11 Guess deposition p.17).

23.  The day of the shooting was Officer McNeal first day on the tactical Force and McNeal was getting familiar with how the tactical force operates. He had no training prior to that day. (Exhibit # 7 Harris deposition p. 30). (Exhibit #3 pp. 13-14).

24.  Weapons can only be drawn when the officers life is in danger or

somebody else's life. (Exhibit # 4 Frasure deposition p. 24).

25. McNeal told Frasure at the scene that he shot Alexx Lee. (Exhibit # 4 Frasure deposition p. 26).

26. This is Officer McNeal's first day on tactical unit and there is no specific training for tactical officers by the Village of Dolton. (Exhibit # 6 Coleman deposition p. 12).

27. McPhearson dropped off McNeal at the end of the block and McNeal gets out of the vehicle and draws his weapon. (Exhibit #2 McNeal deposition pp. 19, 20, 36).

28. Training at the Police Academy dictates that you keep your weapon pointed down when you're carrying your weapon. (Exhibit # 11 Guess deposition p. 18).

29. Other police departments offer use of force training but the Village of Dolton does not. (Exhibit # 7 Harris deposition p. 8).

30. McNeal states that he saw two "silhouettes" about five to seven feet away from him, ordered the unknown people to the ground, and shoots Alexx Lee from about two to three feet away. (Exhibit #3 McNeal deposition pp 24-26).

31. McNeal doesn't know how he stumbled or how he pulled the trigger. (Exhibit #3 McNeal deposition p. 26, 37).

32. Bankhead was on experienced officer. He had eight years with the Village of Dolton Police Department and ten years with the Chicago Housing Authority police. He had post college classes in report writing and investigations. He was assigned to the shooting call and arrived one minute after the shooting. He did not know who fired the shots and spoke with Office Guess, but not Officer McNeal at the scene. Bankhead has never spoken with anybody else about this incident except McNeal at the station. (Exhibit #8 Bankhead deposition p. 5, 6, 8, 10, 26, 32, 37).

33. After the shooting McNeal called Frasure and only spoke to Frasure about the shooting and they returned to the station together. (Exhibit #3 McNeal deposition p. 28, 30, 31).

34. McPhearson was the first officer at the shooting scene, but McPhearson didn't know how Alexx Lee was shoot until he returned to the station. (Exhibit #3 McNeal deposition p. 32). (Exhibit #10 McPhearson deposition p. 22).

35. McNeal states he never spoke to any officer about the shooting except Frasure. (Exhibit #3 McNeal deposition p. 34).

Respectfully Submitted,

*Sturgis E. Chadwick, III* (signature)

Sturgis E. Chadwick, III

Chadwick & Lakerdas
5300 South Shore Drive, Suite 100
Chicago, IL 60615
(773) 955-1088