50253-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE, <br>         Plaintiff, <br> v. <br><br> JOSEPH McNEAL, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS AN AGENT OF DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON, <br><br>         Defendants. | No. 07 C 6856 <br><br> Judge Der-Yeghiayan |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, THE VILLAGE OF DOLTON AND JOSEPH MCNEAL, (hereinafter referred to collectively as "the Defendants"), by and through their attorneys, QUERREY & HARROW, LTD., and for their Reply In Further Support of Their Motion for Summary Judgment, state as follows:

### I.   INTRODUCTION

This case is nothing more than an alleged tort claim and an unfortunate accident. Plaintiff fails to show any evidence even remotely suggesting that this matter somehow rises to the level of intended excessive force resulting in a constitutional violation. Both Plaintiff Lee and Defendant McNeal's testimony establishes the shooting in question was accidental. Without making any credibility determinations whatsoever, this Court can properly find against the Plaintiff on all constitutional claims. The Defendants' entitlement to judgment on Plaintiff's instant 1983 claims is beyond all doubt.

In his response, Plaintiff focuses more on vague innuendo and speculation stemming from post-occurrence facts having nothing to do with Officer McNeal's conduct at the time of the accident. Instead, plaintiff focuses little on the actual facts of the occurrence as they confirm the accidental nature of the shooting and lack of a civil rights violation. For example, Plaintiff improperly attempts to "twist" the fact that Sgt. Bankhead's early report did not contain the word

"accidental," without further clarifying that Sgt. Bankhead never spoke to Officer McNeal at the scene, and without clarifying that the investigation was then immediately taken over by the Illinois State Police who ruled this matter to be an accident.  This speculation does not create any genuine issue of material fact.  Notably, Plaintiff relies exclusively on facts that neither have support or proper citation as well as inadmissible hearsay testimony.  For that reason alone, Plaintiff may not now rely on testimony of someone that was neither deposed nor provided an affidavit.  For example, Lee's testimony of what Thompson saw (Plaintiffs SOF No. 8) should be stricken in its entirety per Rule 56(e) of the Federal Rules of Civil Procedure.  Indeed, a Court must exclude evidence that would not be admissible by a witness. *Payne v. Pauley*, 337 F. 3d 767, 772 (7th Cir. 2003)  Such is the case in the instant matter.

In addition, the Plaintiff in his response admits that there was no seizure in this case as McNeal was not arresting Lee nor was he a suspect and therefore; there is no Fourth Amendment violation without a seizure.  As such, summary judgment is warranted on the Fourth Amendment claim.   The Plaintiff never addresses nor offers any evidence or support of the alleged Fourteenth Amendment claim.  Therefore summary judgment is warranted on the Fourteenth Amendment claim.  Finally, there is no basis for Plaintiff's *Monell* claims.  Plaintiff attempts to set forth a claim against the Village of Dolton based solely on allegations of "failure to train" with no underlying support.  As such, summary judgment is warranted on all constitutional claims.

## II.  ARGUMENT

### A.  Plaintiff's § 1983 Claims Against Officer McNeal Individually and as a Police Officer of the Village of Dolton Cannot Withstand Summary Judgment Based Upon The Evidentiary Record In This Case.

Officer McNeal is entitled to summary judgment on Lee's excessive force claim because he is protected by qualified immunity.  Furthermore, negligence does not equal a constitutional violation. *Ramey v. Velesco et. al.*, 2004 U.S. Dist. LEXIS 23619 (N.D. Ill., Nov. 29, 2004) *citing Nabozny v. Podlesny,* 92 F.3d 446, 453-54 (7th Cir. 1996); *Eberhardt v. O'Malley,* 17 F.3d 1023, 1029 (7th Cir. 1994).  Plaintiff has adduced no evidence whatsoever that McNeal was aware of and thus had the requisite intent to commit any constitutional violation.  To maintain a § 1983 claim against McNeal individually there must be evidence that his conduct was

authoritatively decided that certain conduct is forbidden. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). To avoid the effect of qualified immunity, "[t]he plaintiff [must] demonstrate that a reasonable official, confronted with the specific facts at issue and the law in effect at the time, would have known that his conduct violated the plaintiff's constitutional rights." *Davis v. Owens*, 973 F.2d 574, 576 (7th Cir. 1992) (quoting *Schertz v. Waupaca County,* 875 F.2d 578, 583 (7th Cir. 1989)).

It is Plaintiff's burden to establish the existence of a clearly established constitutional right. *Lunini v. Grayleb*, 395 F.3d 761, 769 (7th Cir. 2005). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

In this case, a reasonable officer, confronted with the specific facts and the law in effect at the time would not have known that the conduct at issue violated plaintiff's constitutional rights. Plaintiff fails to address any conduct that violated Plaintiff's constitutional right. Significantly, Plaintiff failed to even address this argument in his response brief. Rather, Plaintiff attempts to skew what is contained in the report of Sergeant Bankhead. The report speaks for itself. (Ex. 8 QH 00001-00002). Sergeant Bankhead described why he listed McNeal as the victim in his report, as he was responding to a call for drug activity and Sergeant Bankhead was reporting what had happened at the scene without the benefit of speaking to McNeal. <u>Sergeant Bankhead never spoke to McNeal until after his report was already completed.</u> In fact, McNeal prepared a weapon discharge report where he described what occurred at the scene. (SOF 31)  Plaintiff further attempts to create a question of fact as to McNeal's interpretation of an immediate threat. The standard that McNeal is required to apply is what is reasonably believed to be an immediate threat to him.(SOF 23, 24, 25)  In fact, Detective John Frasure testified that it is reasonable for an officer to draw his weapon when going into an area that is a known drug area and gun activity.(SOF 26)  The area that McNeal was entering was known for drug activity and shots fired. (SOF 36, 37)  As such, McNeal's right to summary judgment in his individual capacity on Plaintiff's § 1983 claim is beyond all doubt.

### B. Excessive Force Claim Fails as There is No Evidence to Support a Fourth or Fourteenth Amendment Claim.

As to Plaintiff's Excessive Force claim, Plaintiff has failed to demonstrate that anything McNeal did was intended excessive force or deprived Plaintiff of a constitutional right. Liability under 42 U.S.C. § 1983 requires that an act under color of state law creates a deprivation of a constitutional right. In this case, there is no dispute that the Defendant officer was acting under the color of state law.

Rather, the question in this case is whether during his efforts to respond to drug activity in an area known for shots fired and drug activity, the Defendant officer violated any constitutional rights enjoyed by the Plaintiff. Plaintiff in his response admits that there was not a seizure and that Plaintiff was never under arrest or the subject of an arrest. Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689 (1979). In this case, Plaintiff alleged a deprivation under the Fourth and Fourteenth Amendments of the federal constitution.

The Fourth Amendment prohibits the governmental seizure unless that seizure is reasonable. See U.S. CONST. amend. IV. Plaintiff asserts that the defendant officer violated his rights under the Fourth Amendment by intentionally and unreasonably "seizing" him – that is terminating his movement – during the officer's attempt to investigate a drug activity in a known drug area. Plaintiff's argument fails in asserting that the termination of Plaintiff's freedom of movement amounted to a "seizure" as the term is understood under the Fourth Amendment. The Supreme Court has stated that a "Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied. *County of Sacramento v. Lewis*, 523 U.S. 833, 844, 118 S.Ct. 1708 (1998). The Seventh Circuit has emphasized the distinction between "an accidental or tortious act" which happens to be committed by a governmental official and intentional detention that rises to the level of a

constitutional violation. *Bublitz v. Marion County Sheriff Department*, 327 F. 3d 485, 489 (7th Cir. 2003) citing *Campbell v. White*, 916 F. 2d 421, 422-23 (7th Cir. 1990). In *Bublitz*, it was held that an officer's action in accidentally running over a fleeing suspect did not constitute a seizure, as the officer's action was not "the means intentionally applied to effect the stop, but rather an unfortunate and regrettable accident. *Id.* at 423.

Furthermore, even assuming arguendo that Plaintiff was seized in violation of the Fourth Amendment, McNeal would nevertheless be entitled to the protection of qualified immunity. However, the circumstances that surround the case at bar are an unfortunate and regrettable accident, it does not constitute a seizure by defendant officer. Furthermore Plaintiff admits there was no seizure in their response. Therefore summary judgment is appropriate as to the Fourth Amendment claim.

The Plaintiff never addresses nor offers any evidence or support of the alleged Fourteenth Amendment claim. Therefore summary judgment is warranted on the Fourteenth Amendment claim.

    **C.**    **Monell Claim Fails as Plaintiffs Response Is Devoid of Any Discussion of Any Express, Official Policy of The Village of Dolton Police Department**

As to Plaintiff's *Monell* claims, in order to prevail on a § 1983 claim against Village of Dolton Police Department in their official capacity, Plaintiff must establish a deprivation of Lee's constitutional rights and that Lee's alleged injuries was caused by a policy or custom of the Police Department. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978). A plaintiff can establish a policy by showing either: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3), that the alleged constitutional violation was caused by an individual with final policymaking authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Significantly, Plaintiff does not argue that Lee's injuries occurred as the result of direct actions by a final policy maker. Further, Plaintiff has not submitted sufficient evidence from which it can be reasonably inferred that Lee's alleged injuries was the result of an express policy or custom and practice of the Village of Dolton Police Department.

In order to impute knowledge to policymakers of a widespread municipal practice, plaintiff must demonstrate a pattern of constitutional violations. *Jackson v. Marion County*, 66 F. 3d 151, 152 (7th Cir. 1995). Here plaintiff has not produced any evidence of the Village of Dolton's Police Department had actual or implied knowledge of a widespread unconstitutional practice, nor has he shown any policy that he believes violated his rights.

A municipality cannot be held vicariously liable under § 1983 for the torts of its employee on a *respondeat superior* theory. *Monell* at 691.

Notably, Plaintiff's summary judgment response is devoid of any discussion of any express, official policy of the Village of Dolton Police Department. Additionally, Plaintiff's response brief is largely conclusory and fails to identify any alleged customs and practices of the Village of Dolton's Police Department that purportedly contributed to Lee's alleged constitutional violation.

Summary judgment should be entered when there is no evidence that a failure to train caused the injury to the plaintiff. *City of Canton, Ohio v. Harris et al.*, 489 U.S. 378, 388; 109 S. Ct. 1197 (1989); *Holmes v. Sheahan,* 930 F.2d 1196, 1200 (7th Cir. 1991). Plaintiff has failed to show that a custom and practice exists at Village of Dolton Police Department of failing to train police officers in policy and procedure. A municipality's failure to train its employees must evidence a "deliberate indifference" to the rights of a person before said deficiency can be thought of as a city "policy or custom" that is actionable under § 1983. *City of Canton* at 389.

In this matter there is no evidence that the Village of Dolton Police Department's training with respect to the use of force demonstrates deliberate indifference to Lee's rights. All officers attend training requiring officers to know when it is allowable for an officer to draw their firearm. (SOF 5) All officers have participated in a field training program when the officer starts with the department, to familiarize officers with the Rules and Regulations of the Police Department. (SOF 6) The Dolton Police Department Rules and Regulations require officers to recertify each year with their service weapon. (SOF 7) The Village of Dolton Police Department has both a "Firearms Use/Display" and "Use of Force" policy within their Rules and Regulations, as well as a General Order #94-18 on the "Use of Force". (SOF 8) Far from being a basis of a constitutional violation, it is a sound policy. In any event, there is no connection to this policy being a proximate cause in this case.

Plaintiff avers that McNeal was on the job for the first day in tactical unit, which is undisputed but of no consequence. It is also undisputed that McNeal had been a sworn police officer with the Dolton Police Department for over 5 years when he was transferred to the tactical unit. Plaintiff's vague attempt at comparing McNeal's conduct with that of other officers who arrived later to the scene and under different circumstances is of no consequence and should not be considered. Plaintiff never disclosed any firearms or other law enforcement expert criticizing the actions of McNeal. McNeal had firearms training not only at the Academy but also underwent specialized firearm's training prior to this occurrence. He also had to re-qualify with his service weapon each year. There is no evidence other than the Department had a sound "use of force" policy and that McNeal was properly trained. There are no genuine issues of fact that would preclude summary judgment.

Finally, as set out in the sections above on the individual officer's claim, it is documented that Plaintiff cannot prove constitutional violations against the underlying officer. As such, there is no basis for there to be a *Monell* claim against the Village of Dolton Police Department as a matter of law. *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998). Here, plaintiff cannot support his claims against the individual defendant, but seeks to have this Court infer a *respondeat superior* claim with no basis. The Court should not be misled in this manner.

### III.    CONCLUSION

Tellingly, Plaintiff uses a "throw it at the wall and see what sticks" approach to opposing the Defendants' summary judgment motions. This Court should reject this tactic. Plaintiff cannot satisfy his summary judgment burden by mere conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion – and that is all plaintiff offers this Court.

WHEREFORE, Defendants, Joseph McNeal and Village of Dolton, respectfully pray that this Honorable Court enter an Order granting summary judgment in their favor and against Plaintiff as to Counts I, II, III, V, VI, VII of Plaintiff's Complaint. The Defendants further request that in the event summary judgment is granted in their favor as to Plaintiff's § 1983 claims, that this Court decline to exercise supplemental jurisdiction over and dismiss Plaintiff's state law claims. The Defendants finally request any other or additional relief that this Court deems just, equitable or appropriate in the premises.

        Respectfully submitted,

        Joseph McNeal and Village of Dolton, Defendants.

        By: /s/ Larry S. Kowalczyk
            One of Their Attorneys

Larry S. Kowalczyk, Esq.
Mary E. McClellan, Esq.
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7544