50253-LSK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXX LEE,<br><br>              Plaintiff,<br>v.<br><br>JOSEPH McNEAL, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS AN AGENT OF DOLTON POLICE DEPARTMENT and VILLAGE OF DOLTON, and VILLAGE OF DOLTON,<br><br>              Defendants. | No. 07 C 6856<br><br>Judge Der-Yeghiayan |

## THE VILLAGE OF DOLTON AND JOSEPH McNEAL'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 ADDITIONAL FACTS OF THEIR RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    1.    Defendants dispute paragraph 1. Detective John Frasure testified that it was reasonable for an officer to draw his weapon when going into an area that is a known for drug activity and gun activity. Defendants' Statement of Facts ("SOF") 26.

    2.    Defendants do not dispute paragraph 2.

    3.    Defendants do not dispute that Alexx Lee will testify that he was visiting friends at 14928 Evers, which was next door to a vacant house.

    4.    Defendants do not dispute that Alexx Lee will testify that he was visiting friends at 14928 Evers, which was next door to a vacant house.

    5.    Defendants do not dispute that Alexx Lee will testify that he was visiting friends at 14928 Evers, which was next door to a vacant house.

    6.    Defendants dispute the conclusions stated in paragraph 6. Officer McNeal exited the police vehicle and pursued fleeing suspects while McPherson pursued in the vehicle from the south. Officer McNeal exited the vehicle and drew his weapon when he was pursuing fleeing suspects through a gangway towards and alley. Defendants' SOF 39 and 40.

    7.    Defendants dispute the conclusions in paragraph 7. Furthermore, Officer McNeal announced his office and ordered both individuals to get on the ground. The individuals continued to walk towards Officer McNeal and one man had his hands in his pockets and the other had his hands to his side. Neither of the men obeyed Officer McNeal's initial order to get on the ground. He repeated his command approximately five seconds later. Defendants' SOF 47, 48 and 49.

8. Defendants dispute the conclusions and testimony of paragraph 8. Testimony must be based on personal knowledge. It may not be speculation, hunches or intuitions about matters remote from that experience.

9. Defendants do not dispute paragraph 9.

10. Defendants do not dispute paragraph 10.

11. Defendants do not dispute paragraph 11.

12. Defendants do not dispute paragraph 12.

13. Defendants do not dispute that Alexx Lee would testify that his hands were empty when he was shot. However, Officer McNeal observed that one of the men had their hands in their pockets. Defendants' SOF 48.

14. Defendants do not dispute plaintiff's paragraph 14. Defendants state that the report speaks for itself. In addition, Detective Bankhead never spoke with McNeal at the scene. Plaintiff SOF 33, 35, Defendants' SOF 31.

15. Defendants do not dispute plaintiff's paragraph 15. Defendants state that the report speaks for itself. In addition, Detective Bankhead never spoke with McNeal at the scene. Plaintiff SOF 33, 35, Defendants' SOF 31.

16. Defendants dispute the conclusions in paragraph 16. McNeal never spoke with Detective Bankhead at the scene. The investigation was turned over to the Illinois State Police who made a determination that it was an accidental shooting. Plaintiff SOF 33, 35, Defendants' SOF 54.

17. Defendants dispute the conclusions in paragraph 17. Officer McNeal prepared a discharge weapon report indicating the circumstances that surrounded the discharge of his weapon. Furthermore, McNeal spoke with his supervisor Officer Frasure and the Illinois State Police investigating officer. Defendants' SOF 31, 53-54.

18. Defendants do not dispute the conclusions of paragraph 18. McNeal testified that there were so many subjects on the sidewalk in front of the house, roughly five, and McPherson saw three walk toward the back of the house. Defendants' SOF 38.

19. Defendants do not dispute paragraph 19.

20. Defendants do not dispute that Officer McPherson would testify consistent with his deposition.

21. Defendants do not dispute that Officer Harris was part of a second team of officers to respond to the initial call of drug activity; however, they arrived at the scene after McPherson and McNeal and under different circumstances. Defendants' SOF 38.

22. Defendants do not dispute that Officer Guess did not unholster his weapon when he arrived at the scene. However, he arrived much later than Officer McNeal and McPherson. There were different circumstances and different timing. Plaintiff SOF 21.

23. Defendants do not dispute that it was Officer McNeal's first day on the tactical force. However, Defendants dispute the claim of no training. Officer McNeal had been a sworn officer with the Village of Dolton Police Department for over five years and had years of training, including significant firearm's training. Defendants' SOF 11.

24. Defendants do not dispute that weapons can be drawn when an officer's life is in danger or someone else's life is in danger. An Officer will also draw his weapon if his safety is threatened or compromised. Defendants' SOF 13-14.

25. Defendants do not dispute paragraph 25.

26. Defendants dispute paragraph 26. Officer McNeal had been a sworn officer for over five years and had years of training, including significant firearm's training. Defendants' SOF 11.

27. Defendants do not dispute paragraph 27.

28. Defendants do not dispute paragraph 28, however, an officer only needs to carry his weapon pointed down unless there is a possible threat or harm. Defendants' SOF 13.

29. Defendants dispute the conclusion contained in paragraph 29. The Village of Dolton Police Department trains its officers on the appropriate use of force. Furthermore, they train its officers to recognize the value and special integrity of human life investing its police officers with the lawful authority to use force to protect the public welfare and trained its officers to balance all human interests. The training includes at the police academy as well as regular training and qualification on a yearly basis. Defendants' SOF 5-19, 28-30

30. Defendants do not dispute paragraph 30.

31. Defendants do not dispute paragraph 31, however, McNeal testified that he had ankle surgery prior to the incident and that could be one of the explanations.

32. Defendants do not dispute Sgt. Bankhead's law enforcement experience. However, Defendants dispute the remaining conclusions in paragraph 32. Bankhead never spoke with McNeal at the scene. The Illinois State Police took over the investigation and ruled the shooting accidental. Defendants' SOF 54.

33. Defendants do not dispute that McNeal reported the shooting to his supervisor as stated in paragraph 33.

34. Defendants do not dispute paragraph 34.

35. Defendants dispute the conclusion in paragraph 35. McNeal testified he also spoke with the Illinois State Police who ruled the shooting as accidental. Defendants' SOF 53-54.

        Respectfully submitted,

        Joseph McNeal and Village of Dolton, Defendants.

        By: /s/ Larry S. Kowalczyk
            One of Their Attorneys

Larry S. Kowalczyk, Esq.
Mary E. McClellan, Esq.
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois 60604
312/540-7000
Document #: 1352902